HEDRICK, APPELLANT, *v.* CENTER FOR COMPREHENSIVE ALCOHOLISM TREATMENT ET AL., APPELLEES.

212

(No. C-810794—Decided June 30, 1982.)

Messrs. *Tobias & Kraus* and *Mr. Paul H. Tobias,* for appellant.

Messrs. *Dinsmore, Shohl, Coates & Deupree* and *Mr. John M. Kunst, Jr.,* for appellees.

*Per Curiam.* This cause came on to be heard upon an appeal from the Court of Common Pleas of Hamilton County..

On January 5, 1981, appellant, Sharon Hedrick, filed a complaint in the Hamilton County Court of Common Pleas naming as defendants the appellees in this cause: the Center for Comprehensive Alcoholism Treatment ("Center"), the Center's Board of Trustees, its President, and its Executive Director. Appellant alleged in her original complaint that she had been wrongfully discharged from her employment at the Center, that her discharge was effected with specific intent to harm her, that her discharge contravened the public policy of the state of Ohio, and that her discharge constituted a denial of a property right without due process of law. Thereafter, appellant amended her complaint to include claims seeking recovery on the basis of promissory estoppel and defamation of character. She also included in this amendment copies of several documents which allegedly contained various forms and conditions of her employment at the Center.

On May 19, 1981, appellant amended her complaint a second time adding allegations that her discharge violated certain implied-in-fact conditions of her employment and an implied agreement not to discharge her as long as her employment performance was satisfactory. Appellant again included copies of several documents, different from those appended to her first amendment, which allegedly contained terms and conditions of her employment at the Center. As finally amended, appellant's complaint contained seven claims against the appellees; each claim related to appellant's termination as an employee at the Center.

On May 28, 1981, the appellees moved the lower court to dismiss appellant's complaint, as finally amended, on the grounds that the complaint failed to state a claim upon which relief could be granted. The appellees posited several arguments in support of their motion to dismiss. Prominent among these was the argument that since appellant's employment contract was indefinite in duration it was terminable at either the Center's or the appellant's will. The lower court accepted this argument and, on August 25, 1981, entered judgment dismissing all seven counts of appellant's complaint. The instant appeal derives from that judgment; however, the errors assigned by appellant relate only to the dismissal of the wrongful discharge, promissory estoppel and defamation counts.

Appellant assigns three errors. The first is that the lower court erred in dismissing her claim "* * * for breach of her employment contract"; the second is that the lower court erred in dismissing her claim based upon promissory estoppel; and the third is that the lower court erred in dismissing her claim based upon ·defamation. In support of each assignment, appellant argues that she alleged sufficient facts to state a claim upon

which relief may be granted. We will dispose of these assignments seriatim.

In her claim for breach of contract appellant alleges that she was employed at the Center pursuant to a contract which provided that she would only be terminated for just cause, for maintenance of unsatisfactory work standards, or for serious infractions of the Center's rules. She also alleges that her employment contract entitled her to certain procedural protections including knowledge of the reason for her discharge, a hearing on her discharge before the Center's Executive Director, and the opportunity to present a defense prior to being terminated. Appellant contends further that she was discharged from the Center for reasons unrelated to her work performance and that she was denied the procedural protections listed above.

Appellant appended to her complaint and its amendments numerous documents which she argues support the allegations summarized above. These documents included the Center's Employee Handbook, various of its policy statements regarding employee disciplinary, discharge and grievance procedures, a Staff Distribution Form, and an Employment Confirmation Form. Appellant argues that these documents support her breach of contract claim because they establish the terms and conditions which the appellees allegedly breached by discharging her.

The constraints within which this court must function upon review of a dismissal for failure to state a claim upon which relief may be granted are well-established. The judgment of a lower court dismissing a complaint will not be upheld unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. See *O'Brien* v. *University Community Tenants Union* (1975), 42 Ohio St. 2d 242 [71 O.O.2d 223]. We are also required, in construing a complaint upon a motion to dismiss for failure to state a claim, to take the material allegations of the complaint as being admitted. *State, ex rel. Alford,* v. *Willoughby Civil Service Comm.* (1979), 58 Ohio St. 2d 221, 223 [12 O.O.3d 229].

Given these mandates and the state of the record relating to appellant's breach of contract claim, we hold that appellant has stated a viable cause of action for breach of contract against the appellees. If the appellant can prove that the terms and conditions described, *supra,* were part of her employment contract at the Center[1] and that the appellees failed to comply with them when they discharged her, she will have demonstrated a breach of her employment contract entitling her to recovery.

This result pertains despite the concededly indefinite duration of appellant's employment contract. An employment contract of indefinite duration is terminable at will unless the parties to the contract provide otherwise. See *Henkel* v. *Educational Research Council* (1976), 45 Ohio St. 2d 249 [74 O.O.2d 415]. This rule is based upon the principle that the intent of the parties to a contract governs its construction by a court of law despite the existence of a general rule such as the one employed by the lower court in dismissing appellant's complaint. In the instant cause, we hold that appellant has alleged sufficient facts to rebut, for the purposes of overcoming the appellees' motion to dismiss, the general rule that contracts of indefinite duration are terminable at will. For the above reasons, appellant's first assignment of error is well-taken.

---

[1] See *Hairston* v. *A. M. Kinney, Inc.* (Apr. 8, 1981), Hamilton App. No. C-800184, unreported, in which we held, at page 3, that an employer's written employment policy was part of the employer's contract with the plaintiff-employee, despite the fact that the policy was not set out in the contract, because the policy "* * * clearly was intended by both to form the basis of the relationship between employer and employee. * * *"

Application of the constraints set out in *O'Brien, supra,* and *State, ex rel. Alford, supra,* to the appellant's second assignment of error yields the same result as did their application to her first assignment of error. In her second assignment of error, appellant asserts that the lower court erred in dismissing her claim based upon promissory estoppel. She argues here, as she did in support of her first assignment, that the facts alleged under this count of her complaint are sufficient to state a claim entitling her to recovery. The material allegations stated in appellant's claim based upon promissory estoppel are that the terms and conditions contained in the documents, described in our disposition of the first assignment of error, were promulgated by the appellees with the design to induce appellant to remain in her employment at the Center, that she reasonably believed these terms and conditions were binding upon her,[2] and that these terms and conditions induced her to remain employed at the Center and to forego employment elsewhere.

Promissory or equitable estoppel arises when "* * * 'one, by his acts, representations, or admissions, or by his silence when he ought to speak out, intentionally or through culpable negligence induces another to believe certain facts to exist, and such other rightfully relies and acts on such belief, so that he will be prejudiced if the former is permitted to deny the existence of such facts. * * *' * * *." *London & Lancashire Indemnity Co. of America* v. *Fairbanks Steam Shovel Co.* (1925), 112 Ohio St. 136, 152 (quoting 21 Corpus Juris 1113-1114, Estoppel, Sec-

tion 116). We hold, based upon this definition and the allegations contained in appellant's promissory estoppel claim, that appellant has stated a viable cause of action based upon promissory estoppel and, *a fortiori,* that the *O'Brien* standard has not been met with respect to the lower court's dismissal of appellant's promissory estoppel claim. Thus, appellant's second assignment of error is well-taken.

Appellant's final assignment of error asserting that the lower court erred in dismissing her defamation claim is also well-taken. Appellant argues once again under this assignment that the allegations defining her defamation claim are sufficient to state a claim entitling her to recovery. Appellant also argues, in support of this assignment, that the lower court erred in holding that appellant's complaint on this count contained a "mere allegation of libel" and nothing more, which was insufficient to state a claim for defamation. In essence, the lower court's holding on this point was that appellant failed to allege her defamation claim with adequate specificity.

Appellant's complaint, at paragraph thirty-four, contains the allegations which she argues state a claim for defamation. Paragraph thirty-four of appellant's complaint provides:

"Plaintiff further says that Defendants and their authorized agents have made false and untrue and defamatory statements concerning plaintiff's conduct as an employee of CCAT [Center for Comprehensive Alcoholism Treatment] and that Defendants and their agents knew or had reason to know and should have known that said statements were blatant-

---

[2] The lower court held that appellant "* * * did not have the right to rely upon a contract terminable at will as though it were something else." This holding assumes that a contract of indefinite duration is always terminable at will. However, as we held in our disposition of the appellant's first assignment of error, this assumption may not be valid

where there is proof that the parties intended otherwise. Thus, this assumption is an inappropriate basis upon which to dismiss, pursuant to Civ. R. 12(B)(6), a complaint which is based upon a contract of indefinite duration and which includes allegations that the parties intended that the contract not be terminable at will.

ly false and untrue and Defendants and said agents have acted with a reckless disregard for the truth or falsity of the statements in their publication of said statements and Defendants and their agents totally failed to conduct a fair investigation as to the truth or falsity of the statements and the conduct of Defendants was so careless and reckless as to imply and infer malice on the part of Defendants as a result of the defamation on the part of both Defendants and their agents. Plaintiff has suffered emotional and mental anxiety and damage to her reputation and further has been permanently impaired in her career and professional life and has suffered special damages in the sum of $125,000.00 caused by the defamation."

In *McCarthy* v. *Cincinnati Enquirer, Inc.* (1956), 101 Ohio App. 297 [1 O.O.2d 131], we stated:

" 'In order to create liability for defamation, there must be an unprivileged publication of false and defamatory matter about another which is actionable per se, or is the legal cause of special harm to the other. * * *' " *Id.* at 300-301 (quoting 53 Corpus Juris Secundum 34, Libel and Slander, Section 1).

Defamatory matter is actionable *per se* when it tends to injure a person in his trade or profession or adversely affects his reputation. See, generally, *Becker* v. *Toulmin* (1956), 165 Ohio St. 549 [60 O.O. 502] (comparison of words actionable *per se* and words actionable *per quod*). Malice is implied when the allegedly defamatory words are actionable *per se, Westropp* v. *E. W. Scripps Co.* (1947), 148 Ohio St. 365 [35 O.O. 341], although in cases where the qualified privilege of statements made in the course of an employer-employee relationship is asserted, actual malice as opposed to implied malice must be shown. *Schoonover* v. *Mt. Healthy Christian Home, Inc.* (Mar. 21, 1979), Hamilton App. No. C-780023, unreported. Further, a complaint alleging a cause of action in defamation must allege the substance of the allegedly defamatory statements although they need not be set out verbatim. See 34 Ohio Jurisprudence 2d (1958), Libel and Slander, Sections 134 and 135.

Based upon our examination of appellant's complaint and the law of Ohio as summarized above, we hold that appellant's complaint states a viable cause of action for defamation. Finally, we hold that the complaint adequately alleges the substance of the allegedly defamatory statements and thus did not suffer from the defect of inadequate specificity as held by the lower court. Thus, appellant's third assignment of error is well-taken.

The judgment of the court of common pleas is reversed, and the cause herein is remanded for further proceedings according to law and not inconsistent with this decision.

*Judgment reversed and cause remanded.*

SHANNON, P.J., BLACK and DOAN, JJ., concur.