SMITH v PIERPONT

Docket No. 60278. Submitted October 13, 1982, at Marquette.—Decided February 8, 1983. Leave to appeal applied for.

Plaintiffs, George Smith and Kathleen Smith, brought a medical malpractice action in the Gogebic Circuit Court against David Pierpont, M.D., based upon a vasectomy that the defendant performed upon George Smith. The parties are all Michigan residents but the alleged tort occurred in Wisconsin where one of the defendant's offices is located. Defendant moved to dismiss based on a lack of jurisdiction because the plaintiffs had failed to submit their claim to mediation pursuant to the Wisconsin medical malpractice act. Defendant maintained that under the principle of *lex loci delicti* Wisconsin law applied to the case. The trial court, Donald L. Munro, J., agreed with the contention that the action must be mediated, treated the motion to dismiss as one for an accelerated judgment and granted an accelerated judgment based on a lack of jurisdiction. Plaintiffs appeal. *Held:*

1. The *lex loci delicti* rule should no longer be mechanically applied. In a tort action commenced in this state, the law of this state is to be applied unless the court determines that a superior foreign state interest exists which calls for the application of the foreign law in order to reach a just resolution of the controversy. The state which is the situs of the injury is entitled to a consideration of any disproportionate interest it may have in the controversy in order to avoid any injustice resulting from the application of *lex fori.*

2. The substantive law of Michigan should control here since all parties are Michigan residents and Wisconsin has no superior interest in having its substantive law applied.

Reversed and remanded.

1. CONFLICT OF LAWS — *LEX LOCI DELICTI.*

The *lex loci delicti* rule stands for the proposition that where an

REFERENCES FOR POINTS IN HEADNOTES
[1, 2] 16 Am Jur 2d, Conflict of Laws § 98 *et seq.*
[2] 16 Am Jur 2d, Conflict of Laws §§ 5, 118.

injury is sustained in a foreign jurisdiction, the substantive law of that jurisdiction will govern the rights of the parties.

2. CONFLICT OF LAWS — *LEX LOCI DELICTI* — *LEX FORI.*

    The *lex loci delicti* rule should not be mechanically applied in Michigan; rather, in tort actions commenced in Michigan, Michigan's law is to be applied unless the court determines that a superior foreign state interest exists which calls for the application of the foreign law in order to reach a just resolution; the presumption of *lex fori* is logical since the fact that a Michigan court can obtain jurisdiction over the parties involved generally corresponds with a substantial level of state interest in the outcome; however, the state which is the situs of the injury is entitled to a consideration of any disproportionate interest it may have in order to avoid any injustice resulting from the application of *lex fori.*

*Wisti & Jaaskelainen, P.C.* (by *Michael E. Makinen),* for plaintiffs.

*Bridges & Collins* (by *Kevin W. Koch* and *E. Nickolas Bridges),* for defendant on appeal.

Before: D. F. WALSH, P.J., and ALLEN and M. F. CAVANAGH, JJ.

M. F. CAVANAGH, J. The trial court granted an accelerated judgment for the defendant on the basis of lack of jurisdiction. Plaintiffs' motion for reconsideration was denied; they now appeal as of right.

Plaintiffs sued the defendant for medical malpractice in Gogebic County Circuit Court based upon a vasectomy that the defendant performed upon plaintiff George Smith. Both the plaintiffs and the defendant are residents of Michigan, but the alleged tort occurred in Wisconsin, where one of the defendant's offices is located. Defendant moved to dismiss the case for lack of jurisdiction because the plaintiffs had failed to submit their

claim to mediation pursuant to the Wisconsin medical malpractice act of 1975, Wis Stats 655.001 *et seq.* Defendant maintained that under the principle of *lex loci delicti* Wisconsin law applied to the case since the situs of the alleged tort was in Wisconsin. The trial court treated the motion to dismiss as one for an accelerated judgment and agreed, holding that the plaintiffs' action must be mediated before it can be heard in court. We reverse.

The *lex loci delicti* rule stands for the proposition that, where an injury is sustained in a foreign jurisdiction, the substantive law of that jurisdiction will govern the rights of the parties. *Abendschein v Farrell,* 382 Mich 510; 170 NW2d 137 (1969). This doctrine has, however, experienced a gradual but consistent erosion in the years following the *Abendschein* decision, and these incremental departures were recently consolidated by the Michigan Supreme Court in *Sexton v Ryder Truck Rental, Inc,* 413 Mich 406; 320 NW2d 843 (1982).

In *Sexton,* the Court considered two fact situations involving parties who were residents of Michigan or corporations doing business in Michigan and an injury sustained in a foreign jurisdiction. The Court began by observing that:

"Review of these matters convinces us that not only has there been a major retreat from the doctrine of *lex loci delicti* among scholars and the state courts, but that in Michigan itself the doctrine is at least as much honored in the breach as observed. Furthermore, both *Abendschein* and *Kaiser v North,* 292 Mich 49; 289 NW 325 (1939), on which *Abendschein* so strongly relied, have been seriously eroded, and *Kaiser* has in effect been overruled.

"As a consequence, not following *lex loci delicti* in these cases does not flout stare decisis." *Sexton, supra,* p 413.

The Court went on to note that the doctrine of *lex loci delicti* has been avoided in the past principally by the use of two devices: (1) characterization of the law in conflict as procedural, to which the doctrine does not apply, *Papizzo v O Robertson Transport, Ltd,* 401 F Supp 540 (ED Mich, 1975), and (2) refusal to apply the relevant foreign substantive law on the grounds that to do so would contravene Michigan "public policy", *Sweeney v Sweeney,* 402 Mich 234; 262 NW2d 625 (1978).

Three distinct attitudes toward the doctrine emerged in *Sexton,* none of which garnered a majority of the justices. Justice WILLIAMS, with Justices LEVIN and MOODY concurring, would hold that when two residents, or two corporations doing business in the state, or any combination thereof, are involved in an accident in another state, the forum would apply its own law. *Sexton,* p 413. Justice KAVANAGH, with Justices LEVIN and FITZGERALD concurring, would hold that the *lex fori* would govern, absent a reason for applying the law of another state. Justice LEVIN wrote separately, noting that while he concurred with both opinions previously referred to, he favored that chosen by Justice KAVANAGH. *Sexton,* p 442. Justice RYAN dissented, joined by Chief Justice COLEMAN, and indicated that he would adhere to the traditional *lex loci delicti* analysis articulated in *Abendschein, supra. Sexton, supra,* p 443.

Thus, despite the absence of a majority position, it appears that a majority of the justices are no longer willing to apply the substantive law of another state merely because that state was the situs of the wrong at issue. In finding that the *lex loci delicti* rule may no longer be justified in terms of its original rationale, Justice WILLIAMS noted in *Sexton, supra,* pp 421-423:

"The traditional advantages advanced on behalf of the *lex loci* rule have included discouraging forum shopping and furthering the goals of certainty and predictability through its ease of application, thus simplifying the task of both lawyers and the courts.

"Despite these reputed advantages, modern scholars and about half or more of the states have rejected its rigidity since the rule often produced obvious rather than just results through its failure to consider the interests of other jurisdictions in the litigated matter." (Footnotes omitted.)

We agree that the *lex loci delicti* rule should no longer be mechanically applied. Ease of administration and predictability should not alone justify results which are arbitrary or unfair and which do not reflect the interests of the forum state. Such injustice is most pronounced where, as here, the parties to the lawsuit are Michigan residents. In this case, the economic consequences of the tort will be felt most strongly in the forum state rather than in the state of the injury. In addition, the virtue of uniformity that the rule allegedly provides has been severely undercut by the frequent departures from the rule made by our courts.

Lastly, we agree with the *Sexton* Court's rationale concerning the forum shopping argument made in favor of the doctrine. The Court stated:

"The other argument in favor of *lex loci delicti*, avoidance of forum shopping, is not a strong argument as against citizens of the forum state who presumably have every reason of convenience and economy to be entitled to service in their own state. To this, of course, can be added the fact that the forum state generally has an interest in seeing that its injured citizens are well-served and that its citizen defendants are afforded every protection that such citizens would have in their own state. Additionally, where both the plaintiff and the defendant are citizens of the forum state, the state

where the wrong took place will normally have no interest in the litigation." *Sexton, supra,* pp 432-433.

In light of the foregoing analysis, we conclude that the *lex loci delicti* rule should be modified, and we favor the aproach advanced by Justice Kavanagh in his concurring opinion in *Sexton, supra,* and embraced in Justice Levin's separate concurrence. We hold that, in a tort action commenced in this state, the law of this state is to be applied unless the court determines that a superior foreign state interest exists which calls for the application of the foreign law in order to reach a just resolution of the controversy. We think the presumption of *lex fori* is a logical and reasonable approach in that the fact that a Michigan court can obtain jurisdiction over the parties involved generally corresponds with a substantial level of state interest in the outcome of the litigation. However, the state which is the situs of the injury is entitled to a consideration of any disproportionate interest it may have in the controversy in order to avoid any injustice resulting from the application of *lex fori.*

In applying these principles to the instant case, we conclude that the substantive law of Michigan should control. All parties are residents of Michigan, and a state has a significant interest in applying its own substantive law to its citizens. On the other hand, we find no superior Wisconsin interest in having its substantive law applied, especially since the injury did not affect any Wisconsin residents or property.

The accelerated judgment in favor of the defendant is reversed, and the case is remanded back to the trial court for proceedings consistent with this opinion. Plaintiffs may tax costs.