James O. SMITH and Diane Smith, Plaintiffs,

v.

TELEDYNE INDUSTRIES, INC., Defendant.

Civ. A. No. 83CV–6231–AA.

United States District Court,
E.D. Michigan, S.D.

Jan. 26, 1984.

**354**

Robert G. Morrison, Ann Arbor, Mich., for plaintiffs.

David A. York, Latnam, Watkins, Hedlund, Hunter & Lynch, Chicago, Ill., for defendant.

## MEMORANDUM OPINION AND ORDER

JOINER, District Judge.

This matter is before the Court on the defendant's Motion to Dismiss and Motion for Summary Judgment and the plaintiff's Motion to Amend.

There has been no answer filed in this case and, therefore, the plaintiff may amend as a matter of right. The Court has reviewed the motions to dismiss and for summary judgment and considered them with respect to the amended complaint.

The defendant argues that the action, which is basically for breach of an employment contract, is controlled by Ohio law and under Ohio law should be dismissed as failing to state a claim. The defendant further seeks summary judgment based upon materials introduced outside of the pleadings in connection with the motion.

■ Counts II and III of the amended complaint are pled as contract counts. The Court is persuaded that Ohio law applies to these two counts since the contract was made and performed in Ohio. *See Structural Dynamics Research Corp. v. Engineering Mechanics Research Corp.*, 401 F.Supp. 1102 (E.D.Mich.1975).

■ In Ohio, employment contracts for an indefinite term are terminable at will unless the parties provide otherwise. *Henkel v. Education Research Council*, 45 Ohio St.2d 249, 344 N.E.2d 118 (1976). A Court of Appeals in Ohio upheld a claim that the parties had provided otherwise based on documents provided by the employer outlining employment terms and conditions. *Hedrick v. Center for Comprehensive Alcoholism Treatment*, 7 Ohio App.3d 211, 454 N.E.2d 1343 (1982) (per curiam). In *Hedrick* the plaintiff had pled breach of implied contract and promissory estoppel and the court held that dismissal for failure to state a claim was improper.

■ Based upon *Henkel* and *Hedrick*, it appears that Ohio may recognize the claims pled in Counts II and III and, therefore, the motion to dismiss is denied as to these

claims. The motion for summary judgment is also denied without prejudice as to these claims.

Counts I, IV and V are pled in tort. In *Sexton v. Ryder Truck Rental,* 413 Mich. 406, 320 N.W.2d 843 (1982), Michigan abandoned the *lex loci delicti* rule in favor of a case by case approach:

> [We] presently adopt no extant methodology outright but · hold that when two residents, or two corporations doing business in the state, or any combination thereof, are involved in an accident in another state, the forum will apply its own law.

*Id.* at 413, 320 N.W.2d 843. *Smith v. Pierpont,* 123 Mich.App. 33, 333 N.W.2d 165 (1983), used the concurring opinion in *Sexton* to apply the law of the forum in a medical malpractice action brought by a Michigan plaintiff against an out-of-state defendant for an injury occurring out-of-state. The rule used in *Smith v. Pierpont* is that the forum will apply its own law in an action for tort brought by a Michigan plaintiff unless there was a superior interest on behalf of a foreign state that called for the application of its law in order to reach a just result.

The Court is of the opinion that Michigan would apply its own law to the claims for defamation and the claims for negligent and intentional infliction of emotional distress contained in Counts IV and V.

■ To state a claim for defamation the plaintiff must allege facts of publication, the substance of the statement and the connection to the plaintiff, if ambiguous. *MacGriff v. Van Antwerp,* 327 Mich. 200, 41 N.W.2d 524 (1950); *Purcell v. Wolverine Pentronix,* 44 Mich.App. 416, 205 N.W.2d 504 (1973). The allegations in this case lack the requisite specificity. Therefore, Count IV is dismissed unless the plaintiff files an amendment within 30 days of the date of this order.

■ Count V of the complaint is for intentional and negligent infliction of emotional distress. As a preliminary matter, there is no indication that Michigan recognizes a cause of action for negligent infliction of emotional distress. The Restatement (Second) of Torts says that liability has been found for intentional infliction of emotional distress "only where the conduct has been so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community." *Id.* at § 46 comment c (1965). The conduct alleged in this case is not extreme and outrageous as defined by the Restatement. Therefore, Count V of the first amended complaint is dismissed. Michigan permits plaintiffs to recover for mental distress, if proved, as part of the general damages available in tort.

■ Count I is for retaliatory discharge and is pled in tort. While the general trend in Michigan is to apply the law of the forum in tort actions brought by resident plaintiffs, the Supreme Court of Michigan has not yet gone so far as to say that the law of the forum will always be applied in tort actions brought by residents. *See Sexton, supra.* The Court is persuaded that it would be improper and unjust to apply the law of the forum to the claim for retaliatory discharge pled in this case. Michigan recognizes claims for retaliatory discharge on grounds of public policy. The employer in this case is located in Ohio and the Court has already ruled that Ohio law applies to the contract claims arising out of the termination. Applying Michigan law to the retaliatory discharge claim would effectively undermine the law of Ohio as applied to employers within its jurisdiction. Furthermore, the claim for retaliatory discharge in this case is based upon the allegation that the plaintiff was discharged for questioning the propriety of signing documents as directed by the employer. If the plaintiff is correct and it is improper to sign the documents, it would be improper under *Ohio,* rather than Michigan, law. Michigan recognizes the tort of retaliatory discharge as a means of enforcing the laws and the public policy of the State of Michigan. There is no reason to believe that Michigan

has an interest in enforcing the law of the State of Ohio. Therefore, the Court declines to apply Michigan law to Count I.

■ Count I fails to state a claim under the law of Ohio. The Court has been unable to find a single case in Ohio in which a claim for the tort of retaliatory discharge has been recognized. In *Fawcett v. G.C. Murphy & Co.*, 46 Ohio St.2d 245, 348 N.E.2d 144 (1976), the Supreme Court of Ohio expressly rejected public policy arguments for creating an exception to the common law rule that employment contracts for an indefinite term are terminable at the will of either party. In *Fawcett* the plaintiffs sought to recover for wrongful discharge based upon an Ohio statute prohibiting age discrimination. The Court found that there was no private right of action under the statute and that there was no common law basis for the claim. Following *Fawcett, Dadas v. Prescott, Ball & Turbin*, 529 F.Supp. 203 (N.D.Ohio 1981), held that there was no cause of action for wrongful discharge based upon public policy recognized in Ohio.

Count VI is Diane Smith's derivative claim for loss of companionship. This claim will remain for the present. It may pend to the claim for defamation, if that claim is amended. It is doubtful that this claim can pend to any of the contract claims asserted.

Therefore, Counts I and V of the first amended complaint are dismissed. Ohio law governs Counts II and III. Count IV will be dismissed if not amended within 30 days and Count VI will remain for the present.

SO ORDERED.