724 F.Supp. 514 (1989)
Aristotle BELLIOS, Plaintiff,
v.
VICTOR BALATA BELTING CO., Defendant.
No. C-1-86-1196.
United States District Court, S.D. Ohio, W.D.
October 20, 1989.
*515 Paul H. Tobias, Tobias & Kraus (David Torchia, Tobias & Kraus, of counsel), Terry E. Lardakis, Cincinnati, Ohio, for plaintiff.
Deborah DeLong, Cincinnati, Ohio, for defendant.

ORDER
HERMAN J. WEBER, District Judge.
This matter is before the Court upon defendant's Motion for Summary Judgment (doc. no. 21); defendant's Motion to Strike Affidavits of Aristotle and Kristine Bellios (doc. no. 28); and plaintiff's Motion to File a Supplemental Memorandum in Opposition to Defendant's Motion for Summary Judgment (doc. no. 31). Memoranda in opposition to and in support of such motions have been filed by the parties (doc. nos. 26, 29, 30 and 32). This Court will consider all pleadings in the file. For the reasons contained herein, defendant's Motion for Summary Judgment is hereby GRANTED IN PART AND DENIED IN PART; defendant's Motion to Strike the Affidavits of Aristotle and Kristine Bellios is hereby DENIED and plaintiff's Motion to File a Supplemental Memorandum in Opposition to Defendant's Motion for Summary Judgment is hereby GRANTED.
This cause of action asserts claims for breach of an employment agreement, breach of the doctrine of promissory estoppel, fraud, negligent misrepresentation, intentional and negligent infliction of emotional distress and age discrimination in violation of Ohio Rev.Code § 4112.02.
Plaintiff Aristotle Bellios and his family lived in Canton, Ohio where he had worked in the rubber industry for a number of years. It appears that plaintiff's employment was terminated in August of 1985. The chronology of events leading to the present litigation began in August, 1985 when plaintiff began actively seeking employment throughout the United States in the rubber industry. Plaintiff learned of the defendant, Victor Balata Belting Company ("BALATA") Belting Company, a Pennsylvania company with its principal place of business in Easton, Pennsylvania, through another job prospect. Since plaintiff was willing to relocate from the Akron/Canton area, he contacted defendant in mid-March of 1986. Plaintiff spoke with Don Fritzinger of Balata about a position as the Cincinnati Branch Manager for Balata. On April 6, 1986, plaintiff met with Larry O'Neill, President of Balata, to discuss the position and the benefits associated with it. Their discussion included the subject of salary, a company car, benefits, profit sharing, moving expenses, hotel expenses, real estate commissions and an annual bonus payable at the end of the year.
It is further plaintiff's position that O'Neill stated that Balata had definite plans to make the Cincinnati branch a separate corporation. With plaintiff's background, O'Neill further advised him that there existed an opportunity to be head of the Cincinnati district. During this meeting, plaintiff never directly inquired as to the financial condition of defendant nor did Mr. O'Neill offer any such information. On April 13, 1986, O'Neill offered plaintiff the position with the previously mentioned terms. Prior to accepting the job offer, plaintiff attempted to obtain information about Balata. Plaintiff's research led him to the Directory of Industrial Manufacturers where he learned the company was over 85 years old, had sales of $20-$55 million and 360 employees. Plaintiff assumed, *516 based upon the company's reputation and history, that it was in a financially responsible position.
Plaintiff accepted defendant's offer on April 16, 1986. There was no written employment agreement. Plaintiff did not leave any other employment to accept a job with Balata and did not turn down any other job offers. Plaintiff learned of the financial troubles of defendant in early June, 1986. Shortly thereafter, plaintiff sold his home in Canton and his wife resigned in Canton to move to Cincinnati. The record indicates that when plaintiff purchased a home in Cincinnati, the lender sought assurances from defendant that plaintiff's prospects were for "continued employment" with the company. Defendant gave those assurances on July 14, 1986.
During July, 1986, the employees of defendant in Easton, Pennsylvania went on strike. The effects of the strike had an unfavorable impact on the financial condition of the defendant. As a result of Balata's financial problems, Balata decided to close three of its plants, including the Cincinnati branch. On August 29, 1986, four and one-half months after plaintiff began working and 24 days after his family had moved to Cincinnati, Balata terminated defendant's employment. Plaintiff was not offered a transfer or retained for any other position. He received no severance pay and was out of work for several months before accepting employment for a lower salary than he had earned with defendant. Plaintiff was 54 years old when he was terminated.
The Court has reviewed the arguments made by the parties and has applied the principles of controlling law to the facts presented. The legal standard for consideration and disposition of issues on summary judgment is well settled.
Summary Judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed.R. Civ.P. 56(c). The evidence presented on a motion for summary judgment is construed in favor of the party opposing the motion who is given the benefit of all favorable inferences that can be drawn therefrom. United States v. Diebold, Inc., 369 U.S. 654, 82 S.Ct. 993, 8 L.Ed.2d 176 (1962). "The mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no genuine issue of material fact." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986) (original emphasis). Summary judgment should not be granted unless it is clear that a trial is unnecessary. The threshhold inquiry to determine whether there is a need for trial is whether "there are any genuine factual issues that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 106 S.Ct. 2505, 2511, 91 L.Ed.2d 202 (1986). There is no issue for trial unless there is sufficient evidence favoring the non-moving party for a jury to return a verdict for that party. Id.
The fact that the weight of the evidence favors the moving party does not authorize a court to grant summary judgment. Poller v. Columbia Broadcasting System, Inc., 368 U.S. 464, 472, 82 S.Ct. 486, 490-91, 7 L.Ed.2d 458 (1962). "[T]he issue of material fact required by Rule 56(c) ... to entitle a party to proceed to trial is not required to be resolved conclusively in favor of the party asserting its existence; rather, all that is required is that sufficient evidence supporting the claimed factual dispute be shown to require a jury or a judge to resolve the parties' differing versions of the truth at trial." First National Bank v. Cities Service Co., 391 U.S. 253, 288-89, 88 S.Ct. 1575, 1592-93, 20 L.Ed.2d 569 (1968). Moreover, although summary judgment must be used with extreme caution since it operates to deny a litigant his day in court, Smith v. Hudson, 600 F.2d 60, 63 (6th Cir.), cert. dismissed, 444 U.S. 986, 100 S.Ct. 495, 62 L.Ed.2d 415 (1979), the United States Supreme Court has recently stated *517 that the "[s]ummary judgment procedure is properly regarded not as a disfavored procedural shortcut, but rather than as an integral part of the Federal Rules as a whole, which are designed to `secure the just, speedy and inexpensive determination of every action.'" Celotex Corp. v. Catrett, 477 U.S. 317, 106 S.Ct. 2548, 2555, 91 L.Ed.2d 265 (1986). According to the Supreme Court, the standard for granting summary judgment mirrors the standard for a directed verdict, and thus summary judgment is appropriate if the moving party establishes that there is insufficient evidence favoring the non-moving party for a jury to return a verdict for that party. Id. 106 S.Ct. at 2553; Anderson, 106 S.Ct. at 2511.
Accordingly, summary judgment is clearly proper "against a party who fails to make a showing sufficient to establish the existence of an element essential to the party's case and on which that party will bear the burden of proof at trial." Catrett, 106 S.Ct. at 2553. Significantly, the Supreme Court also instructs that "the plain language of Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion" against a party who fails to make that showing with significantly probative evidence. Id.; Anderson, 106 S.Ct. at 2511. Rule 56(e) requires plaintiff to go beyond the pleadings and by his own affidavits, designate "specific facts showing that there is a genuine issue for trial." Id.
The jurisdiction of this Court is based upon 28 U.S.C. § 1332, diversity of citizenship. Accordingly, Ohio law is applicable to the state claims. Erie Railroad Co. v. Tompkins, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188 (1938).
Plaintiff's initial claim for relief is that in violation of defendant's promises and representations and without prior warning plaintiff was terminated constituting a breach of the employment agreement. Plaintiff further asserts that express and implied promises were made to him for job security and long-term employment. It is defendant's position that the employment relationship between the parties was terminable at the will of either party.
The present status of the law in Ohio is that in the absence of facts and circumstances which indicate that an employment agreement is for a specific term, a contract which provides for an annual rate of compensation but makes no provision as to the duration of the employment is not a contract for one year but is terminable at will by either party. Henkel v. Educational Research Council of America, 45 Ohio St.2d 249, 344 N.E.2d 118 (1976). Thus, there is no question that Ohio adheres to the employment-at-will doctrine. Phung v. Waste Management, Inc., 23 Ohio St.3d 100, 491 N.E.2d 1114 (1986). Either party to an oral employment agreement may terminate the employment relationship for any reason which is not contrary to law. Mers v. Dispatch Printing Co., 19 Ohio St.3d 100, 483 N.E.2d 150 (1985). This is not to say that employment-at-will agreements are without any defined limits. The facts and circumstances surrounding an oral employment-at-will agreement including the character of the employment, custom, the course of dealing between the parties, company policy or any other fact which may eliminate the question can be considered in order to determine the explicit and implicit terms of the agreement concerning discharge. (Employee handbooks, company policy and oral representations have been recognized in some situations as comprising components or evidence of the employment contract.) See Hedrick v. The Center for Comprehensive Alcoholism Treatment, 7 Ohio App.3d 211, 454 N.E.2d 1343 (1982); Helle v. Landmark, 15 Ohio App.3d 1, 472 N.E.2d 765 (1984).
In the present action, the terms of employment must be determined from oral representations made by Mr. O'Neill to plaintiff during two different conversations; the meeting on April 6, 1986 and a telephone conversation on April 13, 1986. Although the documentation presented to the Court thus far provides some insight as to the terms of the employment agreement, this Court finds a genuine issue of material fact exists such that this issue should be resolved by the triers of fact and therefore, *518 is inappropriate for the Court to grant summary judgment as to the claim for breach of the employment agreement.
Defendant has also moved that this Court grant summary judgment as to plaintiff's claim under the doctrine of promissory estoppel. Plaintiff opposes such a position.
This Court is mindful that an additional limit on an employer's right to discharge occurs where representations or promises have been made to the employee which fall within the doctrine of promissory estoppel. It was held in Talley v. Teamsters Local No. 377, 48 Ohio St.2d 142, 146, 357 N.E.2d 44 (1976) that: "A promise which the promisor should reasonably expect to induce action or forebearance on the part of the promisee or a third person and which does induce such action or forebearance is binding if injustice can be avoided only by enforcement of the promise." Therefore, the doctrine of promissory estoppel is applicable and binding to oral employment-at-will agreements when a promise which the employer should reasonably expect to induce action or forebearance on the part of the employee does induce such action or forebearance, and injustice can be avoided only by enforcement of the promise. Mers v. Dispatch Printing Co., 19 Ohio St.3d 100, 105, 483 N.E.2d 150 (1985). The test in such cases is whether the employer should have reasonably expected its representations to be relied upon by its employee and if so, whether the expected action or forebearance actually resulted and was detrimental to the employee. Id. Even when all the elements of an employment agreement are not present, promissory estoppel is available to employees who have relied to their detriment or representations by the employer when the employer should have reasonably expected its representation to be relied upon by its employee. Biskupich v. Westbay Manor Nursing Home, 33 Ohio App.3d 220, 515 N.E.2d 632 (1986).
This Court finds that a genuine issue of material fact exists such that plaintiff's assertion under promissory estoppel survives defendant's Motion for Summary Judgment. It is plaintiff's position that he could reasonably rely on the assurances of defendant for the potential for long-term employment. There are further claims by the plaintiff that defendant represented to him that he may become president of an independent corporation of defendant and the defendant would maintain the Cincinnati branch office until that time. Plaintiff further contends that he was promised a year-end bonus, profit sharing, moving expenses and was encouraged to move his family to Cincinnati. Summary judgment is denied as to plaintiff's claim under promissory estoppel.
Defendant has also moved for summary judgment on plaintiff's claim for fraud which is opposed by plaintiff. Plaintiff's position is that defendant had knowledge of its poor financial condition throughout the period of time plaintiff was being recruited and while plaintiff was attempting to relocate his family. Defendant failed to disclose that information and allowed plaintiff to buy and move into a new, more expensive home. Plaintiff further contends that defendant's failure to communicate honestly with plaintiff about the company's condition and his future constituted a reckless disregard for his rights. As a result, plaintiff assumed that defendant was financially stable, the Cincinnati branch would be retained and that he would not be terminated for economic reasons. Conversely, defendant argues in support of his motion that plaintiff's reliance was not reasonable since he could be terminated at any time for any reason. Furthermore, plaintiff cannot point to injury which was proximately caused by the fact that he did not know of the financial condition of defendant prior to accepting the job.
In Ohio, the essential elements of fraud are a) a representation or where there is a duty to disclose concealment of a fact; b) which is material to the transaction at hand; c) made falsely with knowledge of its falsity or with such utter disregard and recklessness as to whether it is true or false that knowledge may be inferred; d) with the intent of misleading another into relying upon it; e) justifiable reliance upon *519 a representation or concealment; and f) a resulting injury proximately caused by the reliance. Cohen v. Lamko, Inc., 10 Ohio St.3d 167, 462 N.E.2d 407 (1984); Burr v. The Board of County Commissioners of Stark County, 23 Ohio St.3d 69, 491 N.E.2d 1101 (1986).
Consistent with this Court's above determinations, plaintiff has sufficiently demonstrated that a genuine issue of material fact exists such that summary judgment on the issue of fraud is unfavored at this time. Although this Court does have concerns with the merits of plaintiff's claim under fraud, the apparent non-disclosure and representations made to plaintiff preclude the dismissal of this claim by summary judgment.
Defendant argues that it is entitled to summary judgment on plaintiff's claim for negligent misrepresentation. In support of this position, defendant submits that negligent misrepresentation has never been applied to an employment context in Ohio and plaintiff cannot satisfy the essential elements of this tort. Plaintiff opposes defendant's position but merely recites the elements of the tort of negligent misrepresentation.
This Court acknowledges that the elements of negligent misrepresentation are as follows:
One, who in the course of his business profession or employment or in any other transaction in which he has a pecuniary interest supplies false information for the guidance of others in their business transactions is subject to liability for pecuniary loss caused to them by their justifiable reliance upon the information if he fails to exercise reasonable care or competence in obtaining or communicating the information.
Delman v. The City of Cleveland Heights, et al., 41 Ohio St.3d 1, 534 N.E.2d 835 (1989); Gutter v. Dow Jones, Inc., 22 Ohio St.3d 286, 490 N.E.2d 898 (1986); Haddon View Investment Co. v. Coopers and Lybrand, 70 Ohio St.2d 154, 436 N.E.2d 212 (1982).
This Court expresses its deep apprehension to the application of this tort to the present action. Although this concept is not limited to persons rendering a professional opinion, the Ohio courts have demonstrated a willingness to extend liability for negligent misrepresentation only in special cases. See Haddon View Investment Co., supra; Gutter, supra; Delman, supra. This Court finds that plaintiff has failed to provide any significantly probative evidence which supports his claim of neligent misrepresentation. The Court notes that plaintiff's claim under fraud rests solely on alleged omissions and not on the supplying of false information for the guidance of others. Plaintiff has failed to sustain his burden under the foregoing standard and this Court finds that summary judgment is proper as to Count IV of the Complaint. Accordingly, Count IV is hereby DISMISSED WITH PREJUDICE.
Plaintiff has asserted claims for negligent and intentional infliction of emotional distress to which defendant has moved for summary judgment. The Ohio Supreme Court has recognized a cause of action for negligent inflication of serious emotional distress. Schultz v. Barberton Glass Co., 4 Ohio St.3d 131, 447 N.E.2d 109 (1983). The Supreme Court's determinations in Paugh v. Hanks, 6 Ohio St.3d 72, 451 N.E.2d 759 (1983), guide this Court in the limitations and scope of this tort. This action may be stated without the manifestation of a resulting physical injury. The emotional injuries sustained, however, must be both of a serious nature and reasonably foreseeable in order to allow a recovery. Id. Serious emotional injury is that which is severe and debilitating. It must be beyond a trifling mental disturbance, mere upset or hurt feelings. Thus, serious emotional distress may be found where a reasonable person normally constituted would be unable to cope adequately with the mental distress engendered by the circumstances of the case. Id. This tort has been limited thus far to situations where a plaintiff-bystander reasonably appreciated a peril which took place whether or not the victim suffered actual physical harm and that as a result of this cognizance *520 or fear, the plaintiff has suffered serious emotional stress. Id.
In this light, this Court finds that there is simply a lack of any evidence in the record which supports plaintiff's claim for negligent infliction of emotional distress. Therefore, there is an absence of any genuine issue of material fact as to this tort.
Plaintiff has alternatively asserted a claim for intentional infliction of emotional distress. In order to support a claim for the tort of intentional infliction of emotional distress, four elements must be proved: a) that the actor either intended to cause emotional distress or knew or should have known that actions taken would result in serious emotional distress to the plaintiff; b) that the actor's conduct was extreme and outrageous, that it went beyond all possible bounds of decency and that it can be considered as utterly intolerable in a civilized community; c) that the actor's actions were the proximate cause of the plaintiff's psychic injury; and d) that the mental anguish suffered by plaintiff is serious and of a nature that no reasonable person could be expected to endure it. Pyle v. Pyle, 11 Ohio App.3d 31, 463 N.E.2d 98 (1983); Yeager v. Local Union No. 20, 6 Ohio St.3d 369, 453 N.E.2d 666 (1983). This Court must emphasize that liability has been found only where the conduct has been so outrageous in character and so extreme in degree as to go beyond all possible bounds of decency and to be regarded as atrocious and utterly intolerable in a civilized community. Yeager, supra. The liability clearly does not extend to mere insults, indignities, threats, annoyances, petty oppressions or other trivialities. Yeager, supra at 375.
Defendant's position is that plaintiff's allegations do not rise to a level of "extreme and outrageous" conduct in order to sustain the claim of intentional infliction of emotional distress. This Court finds defendant's argument well taken. In viewing the entire record before the Court in a light most favorable to the plaintiff, there is a lack of any evidence presented by the plaintiff which substantiates conduct on behalf of the defendant which is extreme and outrageous, beyond all possible bounds of decency and utterly intolerable. Accordingly, this Court finds that plaintiff's claims for negligent and intentional infliction of emotional distress cannot be sustained and Count VI of the Complaint is hereby DISMISSED WITH PREJUDICE.
Finally, defendant has moved for summary judgment on plaintiff's claim of age discrimination in violation of Ohio Rev. Code § 4112.02(N). Defendant argues that plaintiff cannot establish a prima facie case under the statute since he was not replaced by an employee under the age of 40.
As modified to fit a claim of age-based wrongful discharge, the plaintiff must establish a prima facie case of age discrimination under Ohio Rev.Code § 4112.02(N) by showing that: 1) he was a member of the statutorily protected class (at least 40 years of age); 2) that he was discharged; 3) that he was qualified for the position; and 4) that he was replaced by or that his discharge permitted the retention of a person not belonging to the protected class. Plumbers and Steamfitters Commt. v. Ohio Civil Rights Commission, 66 Ohio St.2d 192, 421 N.E.2d 128 (1981); Barker v. Scovill, Inc., 6 Ohio St.3d 146 (1983); see also Ackerman v. Diamond Shamrock, 670 F.2d 66 (6th Cir.1982).
In order to avoid an adverse finding, the employer-defendant must then, under the second step of the applicable analysis, provide a legitimate non-discriminatory reason for plaintiff's discharge. Finally, if defendant does advance permissible grounds for the dismissal, plaintiff must counter and prove by a preponderance of the evidence that the reasons which defendant has articulated for the firing were merely a pretext for unlawful discrimination. Plumbers, supra. McDonnell-Douglas v. Crane, 411 U.S. 792, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973); Chappell v. GTE Products, 803 F.2d 261 (6th Cir.1986). The Court is also mindful that in a reduction in force situation where the plaintiff's position is eliminated and not refilled, the prima facie burden is somewhat heavier. Chappell, supra. Thus, failure either to set forth facts which constitute a prima facie case of employment *521 discrimination or an inability to establish evidentiary documentation that rebuts defendant's reasons for discharge mandates the dismissal of an Ohio Rev. Code § 4112.02(N) action. In the case at bar, plaintiff has failed in both respects.
First, plaintiff has not been able to establish a prima facie case of age discrimination. Plaintiff did not demonstrate that he was replaced by or that his discharge permitted the retention of a person not belonging to the protected class.
Even assuming arguendo that plaintiff did state a prima facie case of age discrimination, plaintiff has failed to disprove defendant's position that he was dismissed for legitimate economic and financial reasons  business necessity. Courts have held on numerous occasions that economic distress is a permissible basis for discharging employees regardless of their age, as long as such discharges are implemented in a non-discriminatory fashion. Barker v. Scovill, supra. Thus, business necessity constitutes a legal cognizable premise for discharge. Although plaintiff was not offered severance pay or the opportunity to transfer to another plant, plaintiff has failed to demonstrate that defendant's reasons for discharge are merely a camouflage for an unlawful termination and that age was a determining factor in such a decision. Especially dispositive of the pretextual issue is defendant's record that a labor strike occurred at their Easton plant and a heavy loss of business followed. Thus this Court finds an absence of a genuine issue of material fact in regard to plaintiff's claim of age discrimination under Ohio Rev.Code § 4112.02(N). Count V of the Complaint is hereby DISMISSED WITH PREJUDICE.
In conclusion, this Court finds that defendant's Motion for Summary Judgment is hereby GRANTED as to Counts 4, 5 and 6 of the Complaint and DENIED as to Counts 1, 2 and 3 of the Complaint. Counts 4, 5 and 6 are hereby DISMISSED WITH PREJUDICE. Defendant's Motion to Strike the Affidavits of Aristotle and Kristine Bellios is hereby DENIED and plaintiff's Motion to File a Supplemental Memorandum in Opposition to Defendant's Motion for Summary Judgment is hereby GRANTED.
IT IS SO ORDERED.