## Racicot v. Comprehensive Care Corp.
[Cite as 6 AOA 211]

*Case No. 89-C-9*
*Columbiana County, (7th)*
*Decided August 27, 1990*

*Anthony N. Gemma, 900 Wick Building, Youngstown, Ohio 44503, for Plaintiff-Appellant.*

*Jeffrey K. Schobert, 3721 Whipple Avenue, P. O. Box 35548, Canton, Ohio 44735-5548, for Defendant-Appellee.*

DONOFRIO, J.

This is an appeal from the Court of Common Pleas of Columbiana County, Ohio, from a summary judgment granted in favor of defendant-appellee, Comprehensive Care Corporation. The trial court found against the claim of plaintiff-appellant, Garcia G. Racicot, Jr., that he was wrongfully terminated and that appellant failed to fall within an exception to the employment-at-will doctrine. The trial court further found that appellant's claims of slander and defamation are without factual basis, and that there are no genuine issues of material fact to be considered.

Appellant sets forth one assignment of error as follows:

"The Court of Common Pleas committed error by sustaining defendant-appellee's Motion for Summary Judgment."

On April 9, 1984, appellant was hired by appellee as a family counselor in appellee's alcohol treatment program. In his deposition, appellant states that the manager of appellee's "program indicated to him that he would have a job with appellee "As long as I did my job to their satisfaction." On April 9, 1987, appellant's employment was terminated.

On March 3, 1988, appellant filed a complaint contending that he had an express and/or implied contract of employment with appellee and that the termination was without just cause, without good faith, a malicious violation of appellant's rights, and a breach of the employment contract. Appellant also alleged that appellee, through its officers and employees, slandered and defamed appellant's reputation and character by statements and misrepresentations to appellant's clients and business associates that appellant had resigned his employment.

On January 18, 1989, the trial court filed a judgment entry in favor of appellee.

Appellant divides his assigned error into two parts to correspond with the allegations in his complaint. Appellant relies on *Mers v. Dispatch Printing Co.* (1985), 19 Ohio St. 3d 100, and *Day v. Good Samaritan Hospital and Health Center* (C.A. 2, 1983), Montgomery County Case No. 8062, unreported, for the proposition that the general rule that employment contracts are terminable at will are not applicable where the evidence shows that the parties have agreed to

place limitations on the employer's right to terminate the employment at will.

Appellant argues the handbook or manual distributed to employees becomes contractual in nature and affects the employer's ability to terminate at will.

We find appellant's assignment of error has merit.

In the case of *Mers, supra,* the court in its second syllabus states:

"The facts and circumstances surrounding an oral employment-at-will agreement, including the character of the employment, custom, the course of dealing between the parties, company policy, or any other fact which may illuminate the question, can be considered by the trier of fact in order to determine the agreement's explicit and implicit terms concerning discharge."

Appellant argues that the depositions and employment handbook that were attached as exhibits should have been considered by the court below in passing on the motion for summary judgment. Appellant points out that the handbook enumerated specific reasons which would furnish cause for dismissal. Appellant states that the handbook provided a scheme for addressing and correcting performance deficiencies. Appellant argues that the clear import of the handbook provisions that the employee will be treated fairly and will not be terminated without good cause. On this issue, appellant concludes that reasonable minds could conclude that the parties herein had agreed that appellant would not be discharged except for just cause, or that appellee had made such a promise to appellant which appellant detrimentally relied upon by accepting and continuing in the employment.

Appellant states that his defamation claim revolves around certain statements made by appellee's employees concerning appellant's alleged resignation. Appellant claims that appellee did not contest the defamatory nature of those statements, but rather asserted that it was protected from liability on the basis of qualified privilege. Appellant cites *The Post Publishing Co. v. Maloney* (1893), 50 Ohio St. 71, and *Evely v. Carlon Co.* (1983), 4 Ohio St. 3d 163, for the proposition that the qualified privilege does not apply where the defamatory statement is made with actual malice. The supposed defamatory language stems from comments of a vice-president, Gary Keating, at the time of appellant's discharge.

Appellant claims that Keating indicated that he was accepting appellant's verbal resigna-

tion, then later admitted he never received any letter or written documentation from appellant resigning his position. Appellant argues that viewing the evidence that he never resigned and that appellee's employees had acted with knowledge of, or reckless disregard for, the falsity of the statements regarding appellant's resignation most strongly in favor of appellant, raises genuine issues of material fact.

In *Helle v. Landmark, Inc.* (1984), 15 Ohio App. 3d 1, the Court of Appeals for Lucas County stated at page 1:

"* * * The employment-at-will concept is only a description of the parties' *prima facie* employment relationship. It intimates nothing about subsidiary contractual arrangements (express or implied) to which an employer may legally obligate himself by adding to that relationship new terms and conditions.

"* * * An employer's promulgation of employment manuals, employee handbooks or other writings styled personnel policies and practices' can create contractual rights which the employer may not abridge without incurring liability."

This court has recently issued an opinion in the case of *Williams v. City Loan and Savings, et al* (C.A. 7, 1985), Columbiana County Case No. 85-C-1, unreported. In a similar fact situation, we stated in that case, at page 6, supporting authority as follows:

"Another case of note is *Hendrick v. Center for Comprehensive Alcoholism Treatment* (1982), 7 Ohio App. 3d 211. Here, the employee claimed seven counts of wrongful discharge. The employer answered that the employment contract was terminable at will under the *** [Henkel v. Educational Research Council* (1976), 45 Ohio St. 2d 249], rule. The trial court agreed and dismissed all seven counts on an Ohio Civ. R. 12(B) (6) motion.

"On appeal, three issues were presented: (1) breach of employment contract, (2) promissory estoppel, and (3) breach of common law tort by defamation.

"The Hamilton County Court of Appeals stated at page 213:

"'We hold that appellant *has stated* a *viable cause of action* for breach of contract against the appellees. If the appellant can prove that the terms and conditions described, *supra,* were part of her employment contract at the Center and that the appellees failed to comply with them when they discharged her, she will have demonstrated a breach of her employment contract entitling her to recovery.

"'This result pertains despite the concededly indefinite duration of appellant's employment contract. An employment contract of indefinite duration is terminable at will unless the parties to the contract provide otherwise. See *Henkel v. Educational Research Council (supra)* ***. This rule is based upon the principle that the intent of the parties to a contract governs its construction by a court of law despite the existence of a general rule such as the one employed by the lower court in dismissing appellant's complaint. In the instant cause, we hold that appellant has alleged sufficient facts to rebut, for the purposes of overcoming the appellees' motion to dismiss, the general rule that contracts of indefinite duration are terminable at will.' (Insert added.)

"This succinct explanation of the rule of *Henkel, supra,* we believe, correctly states the law of Ohio." In *Mers, supra,* the court stated at pages 105-106:

"We therefore hold that where appropriate, the doctrine of promissory estoppel is applicable and binding to oral employment-at-will agreements when a promise which the employer should reasonably expect to induce action or forbearance on the part of the employee does induce such action or forbearance, if injustice can be avoided only ,by enforcement of the promise.

"The test in such cases is whether the employer should have reasonably expected its representation to be relied upon by its employee and, if so, whether the expected action or forbearance actually resulted and was detrimental to the employee.
"* * *

"Whether appellees made representations which altered the terms of appellant's at-will employment contract, whether appellant relied upon subsequent promises to his detriment, and the applicability of the doctrine of promissory estoppel are but some of the issues which should have been resolved by a trier of fact. As we have said before, '[s]ummary judgment is not appropriate where the facts, which must be viewed in a light most favorable to the party opposing the motion * * *.'"

In the instant case we find under the facts as brought forth by the pleadings, documents, depositions, and statements of authority, that a genuine issue of material facts exists and is not therefore summary judgment appropriate.

For the foregoing reasons we sustain appellant's assignment of error and accordingly reverse the judgment of the trial court and remand this cause for further proceedings according to law and consistent with this opinion.

> *Judgment reversed and*
> *cause remanded.*

O'NEILL, P. J., COX, J., concurs.