Elmer ACKMAN, et al., Plaintiffs,

v.

OHIO KNIFE COMPANY, Defendant.

No. C–1–84–617.

United States District Court,
S.D. Ohio, W.D.

July 19, 1984.

Paul H. Tobias, Cincinnati, Ohio, for plaintiffs.

Harold G. Korbee, Wood & Lamping, Cincinnati, Ohio, for defendant.

## OPINION AND ORDER

SPIEGEL, District Judge:

This matter came on for consideration of defendant's motion to dismiss (doc. 3), plaintiffs' memorandum in opposition (doc. 4), and defendant's reply (doc. 5). For reasons that follow, we conclude that defendant's motion to dismiss should be denied in its entirety with respect to Counts 1 and 3, and denied as regards plaintiff McQueary with respect to Count 2. The motion is granted with respect to the Count 2 claims of plaintiffs Testa, Ackman, and Martin.

Four plaintiffs joined in this action which involves three counts. Count 1 alleges that defendant laid off all four plaintiffs in violation of the Age Discrimination in Employment Act (ADEA), 29 U.S.C. §§ 621 *et seq.* Count 2 alleges that these lay-offs were also violations of Ohio Revised Code § 4101.07, an obvious typographical error, that can be corrected by amendment by interlineation to assert claims pursuant to O.R.C. § 4101.07. Count 3, brought under the doctrine of promissory estoppel, alleges that all four plaintiffs accepted promotions to the jobs of foreman in reliance on defendant's promise that they would retain their seniority rights despite the promotions.

Defendant has moved to dismiss the complaint in its entirety. We shall consider defendant's arguments with respect to each of the counts in turn.

With respect to the federal claims of Count 1, defendant points out that the complaint does not allege that plaintiffs commenced state proceedings as required by 29 U.S.C. § 633(b). Plaintiff responded by submitting a copy of a letter to the Ohio Civil Rights Commission (OCRC) from plaintiff's counsel. That letter, dated April 19, 1984, and to which a copy of the plaintiffs' EEOC charge was apparently attached, states in pertinent part:

I represent Mr. Elmer Ackman...; Mr. Charles Martin...; Mr. Nick Testa..., and Mr. Thomas McQueary.

Enclosed please find a copy of their E.E.O.C. charge, which contains a written and signed statement of facts concerning Plaintiffs' allegations of age discrimination.

This letter and the E.E.O.C. charge is being sent to your agency in order to satisfy the applicable requirements under the federal A.D.E.A., with respect to the commencement of state proceedings....

However, we want to make it clear that my clients have already filed suit in Federal Court (copy attached), and first and

foremost, they desire to pursue their right to pursue their judicial remedies under O.C.R.C. 4101.17 and A.D.E.A. (Exhibit A, doc. 4). Defendant maintains, first, that this letter is not a charge as required by the OCRC and, second, that plaintiffs Testa, Ackman, and Martin filed signed charges with the OCRC prior to initiating this lawsuit (doc. 5, at 2). Defendant has attached copies of these charges (Exhibits A, B, C, doc. 5).

■■■ Commencing state proceedings is a jurisdictional prerequisite to proceeding with a claim under the ADEA. *Oscar Mayer & Co. v. Evans*, 441 U.S. 750, 99 S.Ct. 2066, 60 L.Ed.2d 609 (1979). That the filing of a charge may be barred by a state statute of limitations does not excuse commencement. 441 U.S. at 753, 99 S.Ct. at 2070. The ADEA provides that for purposes of commencement, all that a claimant is required to do is present the state agency with a written and signed statement describing his claim of discrimination. 29 U.S.C. § 633(b); *Merkel v. Scovill*, 570 F.Supp. 133, 136 (S.D.Ohio 1983), app. pending. The appropriate procedure where an age plaintiff has not commenced state proceedings is to hold the matter in abeyance until the state agency dismisses the charge as untimely, or until 60 days from the date of the filing of the charge has passed, whichever is earlier. 441 U.S. at 764–65, 99 S.Ct. at 2075–2076.

■■■ That Testa, Ackman, and Martin commenced state proceedings is evidenced by the copies of their charges with the OCRC supplied by defendant. McQueary's situation is more complicated as it appears he has never filed an OCRC charge. The question, is whether the letter of April 19, 1984 from plaintiff's counsel to the OCRC constitutes commencement of state proceedings. Defendant argues that the letter is insufficient because it does not comply with O.R.C. § 4112.05, and does not say that it is a charge pursuant to that section. However, *Oscar Mayer* establishes that a plaintiff need not comply with the procedural niceties of state law in order to commence state proceedings. All a plaintiff is

required to do is to file a written and signed statement describing his claim of discrimination. 29 U.S.C. § 633(b). The April 19 letter refers to a signed EEOC charge setting out the facts upon which the age discrimination claims are based. We find that a letter to the OCRC accompanied by a copy of an EEOC charge constitutes commencement of state proceedings for purposes of the ADEA. Accordingly, we find that McQueary is entitled to proceed with his ADEA claim.

■■■ Defendant next argues that the state-law claims of Count 2 should be dismissed on the grounds that Ohio law makes it impossible to join an O.R.C. § 4101.17 claim with a federal ADEA claim. We have considered at length the relationship between Ohio's unusual statutory scheme and the ADEA. *Merkel*, 570 F.Supp. at 136–37, *citing, Krenning v. Darling & Company*, 572 F.Supp. 923 (S.D.Ohio 1983, Rubin, C.J.). *See also Hise v. General Electric*, C–1–83–1868 (S.D.Ohio, March 29, 1984); *Most v. The Continental Group*, C–1–83–1007 (S.D.Ohio, March 27, 1984); *Venezia v. Scovill*, C–1–83–878 (S.D.Ohio, Sept. 12, 1983); *Bonta v. Hilton-Davis Chemical*, C–1–82–1191 (S.D.Ohio, Aug. 13, 1983). Defendant urges us to modify our holdings in *Merkel*.

Having reviewed carefully the arguments posed by defendant, we remain convinced of the soundness of our earlier rulings. Moreover, we conclude that the better policy is to rule consistently with *Merkel* until the Sixth Circuit and/or the Supreme Court of Ohio has had occasion to address these issues.

Plaintiffs Testa, Ackman, and Martin filed charges with the O.C.R.C. in the fall of 1982, prior to the commencement of this action in April 1984. We find, therefore, consistent with *Merkel*, that because of the peculiar nature of the Ohio statutory scheme, these three plaintiffs elected to proceed administratively and thereby are prevented by state law from proceeding with their state judicial remedy. 570 F.Supp. at 137–38. Accordingly, defendant's motion to dismiss the state statutory

claims is granted with respect to plaintiffs Testa, Ackman, and Martin.

■ However, plaintiff McQueary commenced state proceedings on April 19, 1984 when his attorney notified the O.C.R.C. of this action and attached a copy of plaintiff's signed EEOC charge. This action was filed April 11, 1984. Because McQueary elected to proceed with his state judicial remedy and federal judicial remedy jointly prior to commencing state proceedings, McQueary may proceed with his state claim under O.R.C. § 4101.17. 570 F.Supp. at 137; *Krenning, supra.*

■ Arguing that Ohio law makes no exception to the employment at will doctrine for promissory estoppel, defendant asserts that Count 3 should be dismissed in its entirety. Defendant relies on *Henkel v. Educational Research Council*, 45 Ohio St.2d 249, 344 N.E.2d 118 (1976), in which the Ohio Supreme Court held that an employment contract of indefinite duration is terminable at will unless the parties to the contract provide otherwise.

However, the allegation in Count 3 is that defendant promised plaintiffs that they would retain their seniority rights if they would accept new positions as foremen. The complaint further states that in accepting these positions as foremen, plaintiffs gave up seniority in the bargaining unit. These allegations are not unlike those in the case of *Hedrick v. Center for Comprehensive Alcoholism*, 7 Ohio App.3d 211, 454 N.E.2d 1343 (Ct. of Appeals, Hamilton Cty. Ohio 1982). In *Hedrick*, the plaintiff asserted that the terms and conditions contained in defendant's employee handbook, staff distribution form, and employment confirmation form constituted promises made by the defendant for the purpose of inducing the plaintiff to forego other employment opportunities and remain in her employment with defendant, and that she relied upon these promises to her detriment. The Court of Appeals found that these allegations were sufficient to state a claim based upon promissory estoppel. In reaching this conclusion, it did not rely on any exceptions to the employment at will doctrine.

We find no conflict between *Hedrick* and the *Henkel* holding that employment contracts are terminable at will. Promissory estoppel is not based upon a contract. Thus, we conclude that the employment at will doctrine should not be applied to claims bottomed on the doctrine of promissory estoppel.

Accordingly, we find that it does not appear beyond doubt that plaintiffs can prove no set of facts in support of their claims which would entitle them to relief. *Conley v. Gibson*, 355 U.S. 41, 45–46, 78 S.Ct. 99, 101–102, 2 L.Ed.2d 80 (1957). Therefore, defendant's motion with respect to Count 3 must be and hereby is denied.

SO ORDERED.