**Alan V. KEISTER, Plaintiff,**

v.

**DELCO PRODUCTS, Defendant.**

**No. C–3–85–926.**

United States District Court,
S.D. Ohio, W.D.

April 20, 1987.

Michael L. Tucker, Dayton, Ohio, for plaintiff.

Joseph P. Buchanan, Dayton, Ohio, for defendant.

ADVISORY OPINION ON VIABILITY OF PLAINTIFF'S PENDENT STATE LAW CLAIM; DEFENDANT TO FILE MOTION TO DISMISS PENDENT STATE LAW CLAIM WITHIN STATED PERIOD OF TIME FOR REASON OF COURT'S LACK OF SUBJECT MATTER JURISDICTION

RICE, District Judge.

This case is before the Court on memoranda of the Plaintiff and Defendant regarding the viability of Plaintiff's state law claim under O.R.C. § 4101.17(B). Specifically, the issue presented by these memoranda is whether Plaintiff's claim for relief under O.R.C. § 4101.17(B) is precluded by his having filed a complaint with the Ohio Civil Rights Commission (OCRC) prior to his having filed a Complaint in this Court.

Procedurally, this case began with the filing by the Plaintiff of an age discrimination charge with the Equal Employment Opportunity Commission (EEOC) and the OCRC on about August 28, 1985. On September 18, 1985, Plaintiff notified the EEOC of his intent, after the passage of at least 60 days from that date, to file an age discrimination claim in federal court. On December 12, 1985, Plaintiff filed this suit, setting forth both federal and state age discrimination claims. Defendant argues that Plaintiff's claim under O.R.C. § 4101.17(B) is barred by his having filed charges with the OCRC under O.R.C. § 4112.05. Plaintiff argues that it would be unjust to construe § 4112.08 to bar a civil action under the state statute when a prerequisite to federal jurisdiction under the Age Discrimination in Employment Act (ADEA) is the filing of a complaint in the state administrative forum, particularly when he filed his complaint with the OCRC only in order to meet the ADEA's jurisdictional prerequisites.

Protection against age discrimination is provided under Ohio law by three statutory sections: (1) O.R.C. § 4101.17(B), which permits a civil action for violation of subsection (A) of that section; (2) O.R.C. § 4112.02(N), which permits a civil action to be brought against those who violate the other subsections of that section; and (3) O.R.C. § 4112.05, which permits a complaint to be brought with the Ohio Civil Rights Commission for violations of §§ 4112.02 and 4112.021. Each of these statutory remedies is exclusive—the choice of one remedy precludes recourse to other remedies. *See* O.R.C. §§ 4101.17(B), 4112.-02(N) and 4112.08. This exclusivity of remedies, however, causes a conflict in the context of the joinder of an Ohio age discrimination suit with one brought under the ADEA. The ADEA requires, in states with administrative procedures for resolution of age discrimination claims, that proceedings under those state procedures be brought at least 60 days before the filing of a claim under federal law. *See* 29 U.S.C. § 633. Thus, in order to fulfill the prerequisite to a suit under the federal law in Ohio, a plaintiff must file a complaint with the OCRC pursuant to O.R.C. § 4112.05, and thus, by the terms of that section, waive his or her right to bring a civil action under either O.R.C. § 4101.17(B) or § 4112.02(N).

However, simply because Ohio's age discrimination law has the effect of requiring a litigant to choose between his or her state and federal remedies does not invalidate that law or require the Court to construe the terms of that law inconsistently with its plain meaning. *See Ackman v. Ohio Knife Co.*, 589 F.Supp. 768, 770 (S.D. Ohio 1984) ("[B]ecause of the peculiar nature of the Ohio statutory scheme, these three plaintiffs elected to proceed administratively and thereby are prevented by state law from proceeding with their state judicial remedy."); *Merkel v. Scovill, Inc.*, 570 F.Supp. 133, 137–38 (S.D. Ohio 1983) (Failing to bar a plaintiff's § 4101.17 claim when he filed a charge with the OCRC

prior to commencing suit "would ignore the clear intent of the Ohio legislature that aggrieved individuals must elect their remedy."). This Court must accept the plain intent of the Ohio legislature in its enactment of its age discrimination statutes—it cannot substitute its judgment for the policy decisions of the Ohio Legislature. Plaintiff's claim under O.R.C. § 4101.17(B) is therefore barred by O.R.C. § 4112.08, since Plaintiff filed charges with the OCRC under O.R.C. § 4112.05.

Plaintiff, however, argues that he filed his complaint with the OCRC only in order to comply with the ADEA and did not intend to pursue a state administrative remedy. While this argument points out the inconsistency between the state statutory scheme and the federal statute, it does not keep Plaintiff from being barred under O.R.C. § 4112.08 from bringing a claim under O.R.C. § 4101.17(B). O.R.C. § 4112.08 provides in relevant part: "Any person filing a charge under § 4112.05 of the Revised Code is, with respect to the practices complained of, thereby barred from instituting a civil action under § 4101.17 or division N of § 4112.02 of the Revised Code." No exception is made for plaintiffs who file with the OCRC prior to the filing of a civil action merely to comply with the ADEA's requirements. Indeed, if a plaintiff wishes to file both an ADEA claim and a claim under either O.R.C. § 4101.17 or O.R.C. § 4112.02 and in doing so to avoid being barred by the ADEA state administrative exhaustion requirement, he or she must proceed by filing a complaint in federal court containing the state claim, and then by asking the district court to hold that case in abeyance while an administrative claim with the OCRC is processed. That administrative claim would then have to be dismissed by the OCRC under either O.R.C. § 4101.17(B) ("any person instituting a civil action under this section is, with respect to the practices complained of, thereby barred ... from filing a charge with the Ohio Civil Rights Commission under Section 4112.05 of the Revised Code") or O.R.C. § 4112.02(N) ("[a] person who files a civil action under this division is, with respect to the practices complained of,

thereby barred ... from filing a charge with the Ohio Civil Rights Commission under Section 4112.05 of the Revised Code") for lack of jurisdiction.

Noting that the issues raised by these memoranda are legal rather than factual and so are best disposed of prior to trial of this matter, the Court hereby orders that Defendant within 14 days of receipt of this decision file a motion to dismiss under Rule 12(b)(1) incorporating by reference the reasoning and citation of authority set forth in its memoranda (Doc. # 8). Plaintiff will have 20 days from the filing of said motion to file a response, which may incorporate the reasoning and citation of authority set forth in its memorandum (Doc. # 9) and any other materials Plaintiff believes appropriate.