Rebecca S. PATER, Plaintiff,

v.

HEALTH CARE AND RETIREMENT CORPORATION, d/b/a Oak Pavilion Nursing Home and Sherriann Wood, Defendants.

No. C–1–92–348.

United States District Court, S.D. Ohio, W.D.

Nov. 5, 1992.

Randolph Harry Freking, Freking & Betz, Cincinnati, OH, for plaintiff.

Charles Matthew Roesch, Dinsmore & Shohl, Cincinnati, OH, for Health Care & Retirement Corp.

## ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION TO DISMISS

SPIEGEL, District Judge.

This matter is before the Court on the Defendants' Motion to Dismiss (doc. 5), the Plaintiff's Response (doc. 10), the Plaintiff's Notice of Supplemental Authority (doc. 11), and the Defendants' Reply to the Plaintiff's Response and Supplemental Authority (doc. 13).

### BACKGROUND

The Plaintiff, Rebecca Pater, was employed by the Defendants as an administrator for the Defendants' Oak Pavilion Nursing Home in Cincinnati. According to the Plaintiff, she received satisfactory performance evaluations throughout the entire time of her employment with the Defen-

dants. During the summer of 1991, the Plaintiff developed a disabling medical condition, but claims that she was able to continue working competently. According to the Plaintiff, in September of 1991, she was forced to take an involuntary, and unnecessary medical leave of absence. Plaintiff was terminated in October of 1991, and replaced by a younger, less experienced woman. The Plaintiff, age forty-seven, is a member of the age group protected by state and federal age discrimination statutes, her replacement, age twenty, is not.

The Plaintiff claims that she was terminated based on her age and a perceived physical handicap, and that she has suffered severe emotional distress as a result of the Defendants' conduct. She further claims that the termination violated an implied contract of employment and that she has suffered as a result of the Defendants' false and defamatory statements. Finally, the Plaintiff claims that her dismissal was in violation of the Older Workers Benefit Protection Act, and thus, in breach of public policy under Ohio law.

The Plaintiff filed her age and handicap claims with the Ohio Civil Rights Commission ("OCRC"), before bringing this suit in federal Court. According to the Plaintiff, she pursued this path for the sole purpose of vesting this Court with subject matter jurisdiction as required by the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 633.

The Plaintiff brings this suit alleging: 1) age discrimination under Section VII of the ADEA, 29 U.S.C. § 626 *et seq.* (Count I), and Ohio Rev.Code §§ 4101.17 and 4112.99 (Count II); 2) handicap discrimination under Ohio Rev.Code §§ 4112.01(A)(13) and 4112.99 (Count III); 3) wrongful discharge in violation of an implied contract of employment (Count IV); 4) intentional infliction of emotional distress (Count V); 5) defamation (Count VI); and 6) violation of public policy (Count VII). The Plaintiff maintains that this Court has jurisdiction by virtue of the federal age discrimination

statute, and pendant jurisdiction over the state claims.

The Defendants have moved to dismiss Counts II, III, IV, V and VII, under Fed. R.Civ.P. 12(b)(6), for failure to state a claim upon which relief can be granted, and Counts II, III, IV, V, VI and VII, under Fed.R.Civ.P. 12(b)(1) for lack of subject matter jurisdiction. The Defendants claim, among other things, that under the Ohio Revised Code, the state age and handicap provisions provide for exclusive remedies. Thus, by filing her age and handicap discrimination claims with the OCRC before pursuing state judicial remedies, the Plaintiff had "elected" to pursue administrative remedies. By virtue of this election, the Defendants maintain, the Plaintiff is barred from pursuing the state age and handicap claims under Ohio Rev.Code §§ 4101.17, 4112.01(A)(13) and 4112.99, and the Court should therefore, dismiss the state age and handicap claims in Counts II and III, for failure to state a claim upon which relief can be granted.

We conclude that it is appropriate to exercise pendant jurisdiction over all claims with the exception of the wrongful discharge claim (Count IV). Furthermore, we hold that the Plaintiff has stated a claim upon which relief can be granted for her state age and handicap claims under section 4112.99 of the Ohio Revised Code (Counts II and III), as well as her intentional infliction of emotional distress and public policy claims (Counts V and VII).

## DISCUSSION

### I. PENDANT JURISDICTION

The Defendant has moved the Court to dismiss the Plaintiff's claims in Counts II through VII under Fed.R.Civ.P. 12(b)(1). The district court may exercise pendant jurisdiction, at its discretion, when the state and federal claims derive out of a common nucleus of operative facts. *United ed Mine Workers v. Gibbs*, 383 U.S. 715, 725, 86 S.Ct. 1130, 1138, 16 L.Ed.2d 218 (1965); *Aschinger v. Columbus Showcase Co.*, 934 F.2d 1402, 1412 (6th Cir.1991). If Considering the claims "without regard to their federal or state character, a plaintiff's claims are such that he would ordinarily be expected to try them all in one judicial proceeding, then, assuming substantiality of the federal issues, there is *power* in the federal courts to hear the whole." *United Mine Workers*, 383 U.S. at 725, 86 S.Ct. at 1138 (emphasis in original) (footnote omitted); *Aschinger*, 934 F.2d at 1412. Furthermore, among the factors the district court should consider in determining weather to exercise pendant jurisdiction, are judicial economy, convenience, and fairness to the litigants. *McLaurin v. Fischer*, 768 F.2d 98, 105 (6th Cir.1985).

### A) DEFENDANT'S 12(b)(1) MOTION REGARDING COUNT IV SHOULD BE GRANTED

■ We agree with the Defendants that the Court should not exercise pendant jurisdiction over the Plaintiff's wrongful discharge claim (Count IV). The facts that will be developed with respect to the ADEA claim differ significantly from those regarding the state wrongful discharge claim. Principal among the divergent facts which will have to be developed with respect to the contract claim are: whether there in fact existed a contract or whether this was an employment-at-will as stated on the employment agreement, what exactly were the terms of the contract if one did in fact exist, and whether the Defendant breached the contract. We therefore hold, that this claim does not derive out of a "common nucleus of operative facts" and thus, pendant jurisdiction over this claim would be inappropriate. *See United Mine Workers*, 383 U.S. at 725, 86 S.Ct. at 1138; *Aschinger*, 934 F.2d at 1412.

### B) DEFENDANT'S 12(b)(1) MOTION REGARDING COUNTS II, III, V, VI AND VII SHOULD BE DENIED

■ In contrast to our conclusion regarding Count IV discussed above, the Plaintiff's claims in Counts II (state age discrimination), III (handicap discrimination), V (intentional infliction of emotional distress), VI (defamation) and VII (violation of public policy), do stem from a common nucleus of operative facts. It is therefore inappropriate to dismiss them for lack of subject matter jurisdiction. The facts involved in determining liability under the

ADEA claim are so related to those involved in the state age and handicap discrimination claims, as well as the intentional infliction of emotional distress, defamation and public policy violation claims, that pendant jurisdiction over these claims is appropriate. *See United Mine Workers*, 383 U.S. at 725, 86 S.Ct. at 1138; *Aschinger*, 934 F.2d at 1412.

Furthermore, we reject the Defendants' assertion that evidence establishing the state age claims will improperly "spillover" to the jury's consideration of ADEA liability. See Defendants' Motion to Dismiss Doc., 5, at 10. The Court will be able to adequately instruct the jury so as to avoid any possible confusion with respect to the separate claims which may arise. Thus, considering the common nature of the facts to be developed, as well as judicial economy and fairness to the litigants, we hold that it is within our discretion to exercise pendant jurisdiction over these claims. *McLaurin v. Fischer*, 768 F.2d 98, 105 (6th Cir.1985).

## II. SUFFICIENCY OF PLAINTIFFS' CLAIMS

The Defendants have also moved the Court to dismiss the Plaintiff's claims in Counts II, III IV, V and VII under Fed. R.Civ.P. 12(b)(6) for failure to state a claim upon which relief can be granted. On a motion to dismiss, the Court must construe all matters in the light most favorable to the party opposing the motion. *Great Lakes Steel v. Deggendorf*, 716 F.2d 1101, 1105 (6th Cir.1983). Furthermore, the Court must accept as true all allegations in the well pleaded complaint under attack. *Id.* The Court may grant the motion only "if it appears that Plaintiffs can prove no set of facts in support of their claims which would entitle them to relief." *Balderaz v. Porter*, 578 F.Supp. 1491, 1494 (S.D.Ohio 1983).

## A) OHIO REV.CODE § 4112.99 IS NOT AN EXCLUSIVE REMEDY THUS PRIOR FILING WITH OCRC DOES NOT BAR PLAINTIFF FROM PURSUING STATE AGE AND HANDICAP CLAIM UNDER THAT SECTION

■ The Defendants claim that the Ohio legislature's statutory scheme for bringing an age discrimination claim requires a plaintiff to make an election of remedies. Thus, according to the Defendants, when an employee files a charge with the OCRC alleging age discrimination before she initiates a private civil action joining federal and state age claims, she is prevented by Ohio law from proceeding with her state judicial remedy, "regardless of which section of the Ohio Revised Code under which she brings her state age discrimination claims."

While we do not necessarily disagree with this assertion with respect to Ohio Rev.Code §§ 4101.17, 4112.02, 4112.05 and 4112.08, *see Morris v. Kaiser Engineers*, 14 Ohio St.3d 45, 46, 471 N.E.2d 471, 473 (1984); *Keister v. Delco Products*, 680 F.Supp. 281, 282 (S.D.Ohio 1987); *Merkel v. Scovill*, 570 F.Supp. 133, 138 (S.D.Ohio 1983), *rev'd on other grounds* 787 F.2d 174 (6th Cir.), *cert. denied*, 479 U.S. 990, 107 S.Ct. 585, 93 L.Ed.2d 587 (1986); *Ackman v. Ohio Knife Co.*, 589 F.Supp. 768 (S.D.Ohio 1984), we conclude that the Ohio legislature did not intend for section 4112.99 to be likewise exclusive. The election-of-remedies requirement applicable to the mutually exclusive sections 4101.17, 4112.02, 4112.05 and 4112.08, therefore, does not apply to section 4112.99. The Plaintiff, consequently, is not barred from pursuing her state age and handicap discrimination claims under section 4112.99, with the federal age claim, despite her prior filing with the OCRC under section 4112.05.

We are drawn to this conclusion based, in part, on the plain language of the statutes. Both section 4101.17 and section 4112.02(N) explicitly provide that once a plaintiff has elected to pursue her remedies under one statute, she can neither choose to pursue her remedies under the other statute, nor section 4112.05. Section 4112.99 contains no such language. For example, Ohio Rev. Code § 4112.02(N) states in pertinent part,

> [a] person who files a civil action under this division is, with respect to the practices complained of, thereby barred from

instituting a civil action under section *4101.17* of the Revised Code *or* from filing a charge with the Ohio Civil Rights Commission under section *4112.05* of the Revised Code. (Emphasis added).

Similarly, section 4101.17 includes the virtually identical language:

any person instituting a civil action under this section is, with respect to the practices complained of, thereby barred from instituting a civil action under division (N) of section *4112.02* of the Revised Code or from filing a charge with the Ohio Civil Rights Commission under section *4112.05* of the Revised Code. (Emphasis added).

Although section 4112.05 does not contain this or similar language of election, as noted above, it is specifically referred to in both section 4101.17 and section 4112.02(N). Furthermore, Section 4112.08 states in pertinent part,

any person filing a charge under section *4112.05* of the Revised Code is, with respect to the practices complained of, thereby barred from instituting a civil action under *4101.17* or division (N) of section *4112.02* of the Revised Code. (Emphasis Added).

Finally, section 4112.99 states in full:

Whoever violates this chapter is subject to a civil action for damages, injunctive relief, or any other appropriate relief.

Thus, clearly, any and all reference to the fact that section 4112.99 is mutually exclusive and requires an election of remedies, is conspicuously absent from the language of these sections.

The Ohio legislature, which undoubtedly went to great pains in drafting this state's anti-discrimination statutes, could have either amended sections 4112.02, 4101.17 and 4112.08 to include such references to sec-

tion 4112.99 when it adopted this new section, or could have incorporated the same or similar language of exclusivity and election in section 4112.99 itself. We therefore conclude, that had the legislature wished to include section 4112.99 among the mutually exclusive remedy sections requiring election—sections 4101.17, 4112.02 and 4112.05—it would have done so with equal clarity.

Furthermore, in support of their position that a claim under section 4112.99 may not be brought after filing with the OCRC under section 4112.05, the Defendants cite our decisions in *Merkel v. Scovill*, 570 F.Supp. 133, 138 (S.D.Ohio 1983), *rev'd on other grounds* 787 F.2d 174 (6th Cir.), *cert. denied*, 479 U.S. 990, 107 S.Ct. 585, 93 L.Ed.2d 587 (1986), and *Ackman v. Ohio Knife Co.*, 589 F.Supp. 768 (S.D.Ohio 1984),[1] as well as the district court for the Northern District of Ohio in *Pozzobon v. Parts for Plastics, Inc.*, 770 F.Supp. 376 (N.D.Ohio 1991).

In *Merkel* and *Ackman* we held that sections 4101.17, 4112.02(N) and 4112.05 were intended to be exclusive, and thus, required an election of remedies. Therefore, a plaintiff's who had filed his claim with the OCRC under section 4112.05 would be barred from later joining their sections 4101.17 and 4112.02(N) claims with their federal claims. Although we do not retreat from our holdings in those cases, we find that the reasoning of those cases simply does not apply to section 4112.99.

Of particular relevance, we decided *Merkel* and *Ackman* before the Ohio legislature enacted section 4112.99. At that time, in order for an Ohio plaintiff "to fulfil the prerequisites to a suit under federal law ... a plaintiff [had to] file a complaint with the OCRC pursuant to O.R.C. § 4112.05, and thus, by terms of that section,

---

**1.** The Defendants also cite our decision in *Meiners v. Amalgamated Transit Union, Local 627, et al.*, No. C–1–92–42 (filed May 11, 1992, S.D.Ohio). The Defendants claim that in *Meiners* we held that section 4112.99 is exclusive, and thus, a plaintiff may not pursue an age or handicap claim under that section after she has already filed with the OCRC. First, *Meiners* was an order granting an unopposed motion to dismiss. Second, we did not *adopt* the reasoning

of the defendant's motion in that case, rather, we simply stated that the motion was *"well-taken"*. More importantly, however, in granting the defendant's motion we stated that "failure to oppose a motion may be grounds for the granting of the filed motion". This is a far cry from adopting in full, the defendant's argument that section 4122.99 was, like sections 4101.17, 4112.02 and 4112.05, mutually exclusive, much less specifically holding so.

waive his or her right to bring civil action under either O.R.C. 4101.17(B) or 4112.-02(N)." *Keister v. Delco Products,* 680 F.Supp. 281, 282 (S.D.Ohio 1987). Thus a claimant found herself in a "catch–22" situation. A claimant was forced to choose between filing with the OCRC in order to get federal court jurisdiction under the ADEA, thereby forfeiting pendant jurisdiction over state judicial remedies on the one hand; and not filing with the OCRC in order to preserve the state judicial remedies, thereby failing the ADEA's jurisdictional requirements, on the other. Although the legislative history of section 4112.99 offers no guidance directly on point, it is our opinion, based on a careful reading of the relevant statutes and case law, that the legislature enacted section 4112.99, at least in part, to save the plaintiff from this troublesome and confusing "catch–22" situation. Thus, the pre-4112.99 cases cited by the Defendants are inapposite.

The defendant also cites *Pozzobon v. Parts for Plastics, Inc.,* 770 F.Supp. 376 (N.D.Ohio 1991), decided after the enactment of section 4112.99. The court in *Pozzobon* reasoned that section 4112.99 could not "possibly have been intended to eradicate [Ohio's] legislative scheme ..." requiring a plaintiff to elect between proceeding with state judicial remedies, or administratively under section 4112.05. *Id.* at 378–379. The court concluded that had the legislature intended for section 4112.99 to be nonexclusive, "it would have done so in a less ambiguous fashion, either by changing the language of § 4112.08 or by more clearly stating its intent in § 4112.99." *Pozzobon,* 770 F.Supp. at 379. We believe precisely the contrary to be true. Had the legislature intended to make section 4112.99 exclusive, it would have clearly stated so in that section, in section 4112.08 or have amended sections 4101.17 and 4112.02 to reflect such intent. We therefore, respectfully disagree with, and consequently decline to follow, the reasoning of the *Pozzobon* court.

Furthermore, *Pozzobon* was decided after the Ohio Supreme Court decided *Elek v. Huntington National Bank,* 60 Ohio St.3d

135, 573 N.E.2d 1056 (1991). The Court in *Elek* held that section 4112.99 created a new, independent private right of action, to combat all forms of discrimination addressed by section 4112. *Id.* at 136–138, 573 N.E.2d 1056, 1057–58. The court in *Pozzobon* observed that, in light of the holding in *Elek,* "an age discrimination claimant may utilize *either* § 4112.02(N), § 4112.99, *or both* in pursuing an action for age discrimination." *Pozzobon,* 770 F.Supp. at 378 (emphasis added); *see also Grant v. Monsanto Co.,* 51 F.E.P. Cases 1593, 1989 WL 222961 (S.D.Ohio 1989). Yet the court went on to conclude that a plaintiff could *not* bring a section 4112.99 action after initiating a section 4112.05 proceeding, thereby perpetuating the plaintiff's "catch–22" discussed above. We believe that the reasoning in *Pozzobon*—that an age discrimination claimant may utilize both section 4112.02(N) *and* section 4112.99 in pursuing an action for age discrimination—leads to the *opposite* conclusion than that reached by the court, i.e. that a plaintiff *may* proceed under both section 4122.05 and 4112.99.

The reasoning being that, if an individual *may* pursue a claim under either the exclusive section 4112.02, section 4112.99, *or both,* as *Pozzobon* concluded, it would follow that a plaintiff may likewise pursue a claim under either the exclusive section 4112.05, 4112.99 *or both,* as well. This conclusion is particularly compelling in light of the conspicuous absence, discussed above, of any language of mutual exclusion in section 4112.99 itself, or in the other anti-discrimination sections with respect to section 4112.99. Thus, despite the Defendants' urging, we decline to follow *Pozzobon.*

We therefore conclude, in light of the Supreme Court of Ohio's *Elek* decision, as well as the unambiguous language of mutual *exclusion of sections 4101.17, 4112.02, 4112.05, 4112.08* and the absence of such language in section 4112.99, section 4112.99 was not intended to be mutually exclusive. As a result, a plaintiff may, as Ms. Pater has done here, file first with the OCRC under section 4112.05, and then institute an

age or handicap discrimination action under 4112.99.

■ Consequently, the Defendants' motion to dismiss the Plaintiff's age and handicap claims under section 4112.99 must be denied. The Plaintiff is however, barred from bringing her state age claim under section 4101.17. Although we hold that section 4112.99 is nonexclusive, and creates a new, independent private right of action to combat all forms of discrimination addressed by section 4112, *see Elek v. Huntington National Bank*, 60 Ohio St.3d 135, 573 N.E.2d 1056 (1991), its adoption did not have the effect of altering the mutually exclusive nature of sections 4101.17, 4112.02 and 4112.05.

Thus, we do not retreat from the pre–4112.99 decisions of this and other courts which held that sections 4101.17, 4112.02 and 4112.05, are "exclusive and, that once an action is instituted thereunder, a plaintiff is barred from bringing an action under either of the other two provisions." *Morris v. Kaiser Engineers*, 14 Ohio St.3d 45, 46, 471 N.E.2d 471, 473 (1984); *Keister v. Delco Products*, 680 F.Supp. 281, 282 (S.D.Ohio 1987); *see Merkel v. Scovill*, 570 F.Supp. 133, 138 (S.D.Ohio 1983), *rev'd on other grounds* 787 F.2d 174 (6th Cir.), *cert. denied*, 479 U.S. 990, 107 S.Ct. 585, 93 L.Ed.2d 587 (1986); *Ackman v. Ohio Knife Co.*, 589 F.Supp. 768 (S.D.Ohio 1984).[2] Accordingly, though the Plaintiff's state age and handicap claims under 4112.99 in Counts II and III are not barred, her section 4101.17 age claim in Count II must be dismissed.

## B) SUFFICIENCY OF PLAINTIFF'S INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS AND PUBLIC POLICY CLAIMS

The Defendants have moved the Court under Fed.R.Civ.P. 12(b)(6), to dismiss the Plaintiff's claims in Counts V, and VII, for intentional infliction of emotional distress and violation of public policy under Ohio state law, for failure to state a claim upon which relief can be granted. We conclude, construing all matters in the light most favorable to the Plaintiff, her allegations are sufficient to withstand a motion to dismiss. *See Great Lakes Steel v. Deggendorf*, 716 F.2d 1101, 1105 (6th Cir.1983).

■ In order to state a claim of intentional infliction of emotional distress, the conduct alleged must have been extreme and outrageous. *Yeager v. Local Union 20*, 6 Ohio St.3d 369, 374–75, 453 N.E.2d 666 (1983). "Liability has been found only when the conduct has been so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community." *Id.* The Plaintiff has claimed that, among other things, she was forced to take an unwarranted medical leave of absence, that she returned to find her office stripped, her belongings in a box and her replacement's name posted as administrator, and was warned in harsh terms not to resist the Defendants efforts to terminate her.

Although the standard enunciated in *Yeager* is indeed strict, we are not persuaded that the Plaintiff can prove *no* set of facts in support of her claims which would entitle her to relief. *Balderaz v. Porter*, 578 F.Supp. 1491, 1494 (S.D.Ohio 1983). Thus, the Plaintiff has alleged sufficient facts to state a claim for intentional infliction of emotional distress upon which relief can be granted.

■ Similarly, the Plaintiff has also stated sufficient facts upon which to state a claim for violation of public policy under Ohio law. *See Greeley v. Miami Valley Maintenance*, 49 Ohio St.3d 228, 551 N.E.2d 981 (1990). In *Greeley* the Su-

---

**2.** *But see Pitts v. Dayton Power & Light*, 748 F.Supp. 527, 530 (S.D.Ohio 1989), which held that prior filing with the OCRC for the sole purpose of meeting federal jurisdictional requirements under the ADEA, does not bar plaintiff from pursuing state judicial remedies, notwithstanding the exclusivity requirements of Ohio Rev.Code §§ 4101.17, 4112.02 and 4112.05. *See also Lafferty v. Coopers & Lybrand*, 841 F.2d 1126 (6th Cir.1988) (unpublished opinion available on WESTLAW, 1988 WL 19182, and LEXIS, 1988 U.S.App. LEXIS 2966 (March 8, 1988); *Carr v. French Oil Mill Machinery, Co.*, 746 F.Supp. 700, 702–03 (S.D.Ohio 1989).

preme Court of Ohio recognized a cause of action for the termination of an employee-at-will, for a reason which is prohibited by statute. In this case, the Plaintiff has claimed that she was deprived of her right under the Older Workers Benefit Protection Act to consider, for 21 days, a proposed release form. She claims that the Defendants demanded that she sign the release without the benefit of the 21 day period she is entitled to, and that upon her refusal, she was terminated. Taking these allegations as true, the Plaintiff has stated a claim upon which relief can be granted. We do not believe that the Plaintiff can prove no set of facts in support of her claim which would entitle her to relief. *Balderaz v. Porter*, 578 F.Supp. 1491, 1494 (S.D.Ohio 1983).

## CONCLUSION

We therefore conclude, that the Defendants's 12(b)(1) motion must be GRANTED with respect to Count IV (wrongful discharge), and DENIED with respect to Counts II (state age discrimination), III (handicap discrimination), V (intentional infliction of emotional distress), VI (defamation) and VII (violation of public policy).

Furthermore, the Defendant's 12(b)(6) motion must be GRANTED in part with respect to the Plaintiff's state age claim under Ohio Rev.Code § 1401.17, in Count II, but DENIED with respect to the Plaintiff's state age claim under Ohio Rev.Code § 4112.99, also in Count II. Finally, the Defendants' 12(b)(6) motion must be DENIED with respect to Counts III, V, and VII.

Accordingly the Defendants' Motion to Dismiss under Fed.R.Civ.P. 12(b)(1) & (6), is GRANTED in part and DENIED in part.

SO ORDERED.