BROWN, APPELLANT, *v.* OTTO C. EPP
MEMORIAL HOSPITAL, APPELLEE.

(No. C-860138 — Decided
August 5, 1987.)

*Kircher & Phalen* and *Robert B.
Newman,* for appellant.

*Baker & Hostetler* and *David R.
Kelleher,* for appellee.

*Per Curiam.* This cause came on to
be heard upon the appeal from the
Court of Common Pleas of Hamilton
County.

Plaintiff-appellant Charlene
Brown obtained a favorable verdict on
her claim that she was wrongfully terminated from employment by defendant-appellee Otto C. Epp Memorial
Hospital, in breach of an alleged
employment contract. Plaintiff's single
assignment of error on appeal is that
the trial court erred by granting defendant's motion for judgment notwithstanding the verdict. We reverse.

Plaintiff was employed by defendant as a full-time nurse's aide from
1970 until 1982. On May 27, 1982,
plaintiff became ill and went on a leave
of absence, submitting to her supervisor a written statement from her
physician that due to her illness she
should be on a medical leave of absence
for thirty days. At the end of the
thirty-day period, plaintiff reported to
work but was told that no work was
then available. She was placed "on
call" and worked on ten separate days
in late 1982, but she was not reinstated
to regular employment. Defendant's
employee handbook provides that after
a leave of absence an employee "cannot be assured of his/her former position but will be considered for any
available similar position of like pay
and classification."

In her complaint, plaintiff alleged
that the employee handbook was part
of her contract of employment, that
she was not considered for similar positions that became available, and that
she would have been re-employed had
she been so considered. She prayed for
judgment awarding her back pay from
the date when she should have been re-employed. The trial court granted
defendant's motion to dismiss for
failure to state a claim upon which
relief could be granted, but on appeal
this court reversed and remanded for
further proceedings. *Brown* v. *Otto C.
Epp Memorial Hosp.* (1984), 19 Ohio
App. 3d 25, 19 OBR 90, 482 N.E. 2d

988. The case was then tried to a jury, which returned a verdict for plaintiff in the amount of $20,500.

The standard to be applied in reviewing a ruling upon a defendant's motion for judgment notwithstanding the verdict under Civ. R. 50(B) is whether, construing the evidence most strongly in favor of plaintiff, there is substantial evidence to permit reasonable minds to reach different conclusions on plaintiff's entitlement to relief. *Posin* v. *A.B.C. Motor Court Hotel, Inc.* (1976), 45 Ohio St. 2d 271, 74 O.O. 2d 427, 344 N.E. 2d 334; *Wiebold Studio, Inc.* v. *Old World Restorations, Inc.* (1985), 19 Ohio App. 3d 246, 19 OBR 398, 484 N.E. 2d 280. Such a determination requires a review of the evidence, but does not involve any weighing of the evidence or the credibility of the witnesses. *Id.* Accordingly, in the present case the issues are whether there was sufficient evidence to permit reasonable minds to conclude both that the employee handbook was a part of plaintiff's employment contract, and that defendant breached the provision in the handbook requiring it to consider plaintiff for available similar positions of like pay and classification.

In the previous appeal of this case, we relied upon our previous holdings in *Hedrick* v. *Center for Comprehensive Alcoholism Treatment* (1982), 7 Ohio App. 3d 211, 7 OBR 272, 454 N.E. 2d 1343, and *Hairston* v. *A. M. Kinney, Inc.* (Apr. 8, 1981), Hamilton App. No. C-800184, unreported, that an employee handbook or employment policy may form part of an employment contract. In *Hairston, supra,* at 3, we determined that an employer's written employment policy was part of the employment contract because both parties clearly intended to be bound by the pertinent provisions of the policy.

Similarly, in this case, we find ample evidence to support the conclusion that both parties intended to be bound by the handbook's provisions relating to leaves of absence. Plaintiff, who had read the handbook and maintained a copy of it "at all times," obviously availed herself of its leave-of-absence provisions. Defendant's administrator testified that all employees were expected to follow the handbook's requirements in all respects, and that its leave-of-absence provisions permitted the hospital immediately to fill the position of an employee who went on sick leave. The memorandum of the supervisor who met with plaintiff after her leave states that he referred her to the handbook, reminded her that a leave of absence was not a guarantee of immediate return to work, and "assured her that in keeping with policy she would be considered for any future openings of similar responsibility and pay." Thus, as we stated in *Hairston, supra,* at 3, "[h]ere we have parties capable of contracting, a lawful subject matter, a sufficient consideration on both sides and an actual agreement the performance of which was being accomplished by both parties."

Having determined that reasonable minds could find the handbook to be part of the employment contract, we now review the evidence relating to defendant's performance of the requirement that it consider plaintiff for any available similar position of like pay and classification. In so doing, we apply the standard of good faith required of parties to any contract, including an employment contract. See *Bolling* v. *Clevepak Corp.* (1984), 20 Ohio App. 3d 113, 20 OBR 146, 484 N.E. 2d 1367.

Defendant's administrator testified that of five positions which became available and were filled between July 1982 and June 1985, none was similar to the nurse's aide position. On the other hand, plaintiff's evidence was that the five available po-

sitions were within the same category as nurse's aide under the hospital's own employee classification system, and that the pay levels of these positions were similar to that of nurse's aide. Plaintiff testified that she was qualified for the positions based on prior experience, but that she was not offered or interviewed for any of them.

Therefore, the evidence is conflicting as to whether defendant breached the requirement that it consider plaintiff for available similar positions; however, we reiterate that on review of a judgment notwithstanding the verdict, it is not our function to weigh the evidence. We determine only that the evidence was sufficient to permit the jury reasonably to conclude that defendant failed to give plaintiff good-faith consideration for reemployment.

Accordingly, the single assignment of error is sustained. The judgment of the trial court granting defendant's motion for judgment notwithstanding the verdict is reversed, and judgment upon the jury verdict in favor of plaintiff is hereby reinstated.

*Judgment reversed.*

BLACK, P.J., DOAN and UTZ, JJ., concur.