OPINION
{¶ 1} Defendant-appellant Elmco Trucking, Inc. ("Elmco") appeals from the May 2, 2006 judgment of the Municipal Court of the City of Tiffin, Ohio, Small Claims Division, granting Plaintiff-appellee Steven Kirby ("Kirby") $1,293.74 for wages owed as a result of his employment with Elmco plus court costs.
 {¶ 2} Kirby was employed by Elmco as a truck driver from July 3, 2003 to November 1, 2003. On July 23, 2003 Kirby signed an "Acknowledgement of Receipt" stating that he had received a copy of Elmco's Rules and Regulations/Employee and Independent Contractor Handbook ("Employee Handbook"). The Employee Handbook set forth the policies and procedures as well as general information regarding employment at Elmco Trucking, Inc. It also contained a provision that while Elmco drivers were ordinarily paid per mile, "[a]ny driver not giving a 2 week prior notice to quitting, will only receive minimum wage for hours worked the last 2 weeks of employment."
 {¶ 3} Kirby terminated his employment with Elmco on November 1, 2003 but did not give Elmco two weeks notice. Instead, Kirby only provided one day notice that he would be leaving the company. As Kirby did not provide the requisite amount of notice before leaving, Elmco paid Kirby the minimum wage rate of $5.15 per hour for his last two paychecks instead of the mileage rate in accordance with the wage retraction policy contained in the Employee Handbook.
 {¶ 4} On October 18, 2005 Kirby filed suit against Elmco alleging that Elmco erred by paying him an hourly rate of $5.15 per hour on his last paycheck when he was hired on mileage pay. Kirby's complaint also alleged that he did not sign an agreement or contract stating that Elmco had the right to pay him an hourly rate. In its answer and counterclaim, Elmco alleged that the wage retraction policy contained in its Employee Handbook was enforceable.
 {¶ 5} The matter proceeded to a bench trial on January 4, 2006. At the trial, Kirby appeared on his own behalf, and Elmco was represented by counsel. On May 2, 2006 the court issued its Journal Entry of Judgment, rendering judgment in favor of Kirby in the amount of $1,293.74.
 {¶ 6} Elmco now appeals, asserting two assignments of error.
 ASSIGNMENT OF ERROR NO. 1 WHETHER THE TRIAL COURT ERRED AS A MATTER OF LAW TO THEPREJUDICE OF APPELLANT WHEN IT IGNORED THE WAGE RETRACTIONPOLICY.
 ASSIGNMENT OF ERROR NO. 2 WHETHER THE TRIAL COURT'S JUDGMENT WAS AGAINST THE MANIFESTWEIGHT OF THE EVIDENCE.
 {¶ 7} Prior to addressing Elmco's assignments of error, we note that Kirby has failed to file a brief with this court. Pursuant to App.R. 18(C), "If an appellee fails to file the appellee's brief within the time provided by this rule, or within the time as extended, the appellee will not be heard at oral argument . . . and in determining the appeal, the court may accept the appellant's statement of the facts and issues as correct and reverse the judgment if appellant's brief reasonably appears to sustain such action." Nevertheless, in the interest of justice, we will review the issues in Elmco's brief and the record in order to adjudicate the present appeal.
 {¶ 8} In its first assignment of error, Elmco contends that the trial court erred in ignoring the enforceable wage retraction policy contained in the Employee Handbook. In its second assignment of error, Elmco contends that the trial court's judgment in favor of Kirby was against the weight of the evidence when the wage retraction provision contained in the Employee Handbook was enforceable. As these two assignments of error are similar, we will consider them together.
 {¶ 9} We note that the Ohio Supreme Court has found that employee handbooks, company policy, and oral representations may comprise components or evidence of employment contracts. Mers v.Dispatch Printing Co. (1985), 19 Ohio St.3d 100, 104,483 N.E.2d 150. Furthermore, an employee handbook forms part of an employment contract where both employer and employee intend to be bound by the handbook's provisions. Brown v. Otto C. EppMemorial Hosp. (1987) 41 Ohio App.3d 198, 199, 535 N.E.2d 325.
 {¶ 10} In the present case, Elmer Cole, Jr., President of Elmco, testified at trial that upon forming the company he established an Employee Handbook to provide guidelines and rules for employees to follow. Cole also testified that the wage retraction policy contained in the Handbook is common in the trucking industry. Additionally, Elmco's General Manager, Wendy Sayre, testified at trial that the Acknowledgment of Receipt ("Acknowledgment") is part of the Employee Handbook and that she witnessed Kirby's signature on the Acknowledgment.
 {¶ 11} Kirby testified at trial that he received a copy of the Employee Handbook and agreed that page 36 of said Handbook contained Elmco's wage retraction policy. Furthermore, the record reflects that as part of his employment, Kirby signed the Acknowledgement stating that he had received a copy of Elmco's Employee Handbook.
 {¶ 12} The Acknowledgement contains the following relevant provisions:
It is understood that nothing in this Handbook, nor any otherCompany communication or practice, creates an employment contractof any type.
 It is also understood that nothing in this Handbook or anyother policy or communication changes the fact that ElmcoTrucking Inc. is an at-will employer, and that any employment ofcontractual arrangement relationship which exists may beterminated ay any time by the employee or by the Company . . .
I understand that no employee or representative of theCompany, other than the Chief Executive Officer of Elmco TruckingInc., has the authority to enter into an employment contract, tochange the at-will relationship as it exists, or to make anyagreement contrary to the foregoing.
 I acknowledge receipt of this Employee and IndependentContractor Handbook, and understand that my continued employmentof contractual arrangement depends on adherence to theregulations, contained therein, or any future changes that may bemade in content or application thereto.
 {¶ 13} We find that the Employee Handbook is the only clear document in the record that evidences the terms and conditions of the employment agreement between Elmco and Kirby. We also find that the final paragraph of the Acknowledgment acts to incorporate the Employee Handbook into Kirby's terms and conditions of employment. Therefore, by signing the Acknowledgment, we find that Kirby agreed to adhere to the regulations contained in the Handbook, including the provision that "[a]ny driver not giving a 2 week prior notice to quitting, will only receive minimum wage for hours worked the last 2 weeks of employment."
 {¶ 14} Upon our review the record, we cannot find any basis for the trial court's apparent disregard of the provisions contained in the Employee Handbook. Furthermore, we note that the trial court's Journal Entry does not reflect any reservations concerning the testimony presented at trial or the court's rejection of the Employee Handbook and Acknowledgment as being ambiguous.
 {¶ 15} Therefore, we find that the trial court erred in not finding that the wage retraction provision contained in Elmco's Employee Handbook which provides that "[a]ny driver not giving a 2 week prior notice to quitting, will only receive minimum wage for hours worked the last 2 weeks of employment" was enforceable. Accordingly, Elmco's first assignment of error is sustained.
 {¶ 16} Additionally, we find that neither the Journal Entry nor the record itself provide a sound basis for disregarding the wage retraction provision of the Employee Handbook. Furthermore, we find that the trial court did not furnish a basis for its decision to award Kirby $1,293.74 for wages owed as a result of his employment with Elmco when Kirby's complaint sought damages in the amount of $1,332.95 and Elmco submitted that Kirby was only entitled to gross wages in the amount of $592.50.
 {¶ 17} As the trial court did not supply any basis for its ultimate decision and our review of the record does not provide any reason to disregard the wage retraction provision, we must find that the trial court's judgment was against the weight of the evidence. Accordingly, Elmco's second assignment of error is sustained.
 {¶ 18} Based on the foregoing, the judgment of the Tiffin Municipal Court is vacated and remanded with instructions to calculate the amount of wages owed to Kirby in accordance with the provisions contained in the Employee Handbook.
Judgment Vacated and Cause Remanded.
 Bryant, P.J. and Rogers, J., concur.